## McKAY v. KING–COLLIE CO.  (No. 9409.)

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 24, 1920.)

1. **Justices of the peace** ⚖️147(1) — Appeal may be taken from overruling plea of privilege.

Under Rev. St. art. 1903, as amended in 1917 (Laws 1917, c. 176 [Vernon's Ann. Civ. St. Supp. 1918, art. 1903]), prescribing the duties of the judge or justice of the peace when a plea of privilege is entered, and authorizing an appeal from a judgment sustaining or overruling the plea, the right of appeal is given from an order overruling the plea of privilege made by a justice of the peace the same as from that made by any other court.

2. **Justices of the peace** ⚖️188(1)—County court on appeal hears plea of privilege de novo.

The county court, on appeal from an order of the justice of the peace denying a plea of privilege, hears the plea of privilege de novo, and if he sustains it he can render an order changing the venue to the proper justice court of the county of defendant's residence, and if he overrules the plea he can order the records transmitted to the justice court where the case originated.

3. **Justices of the peace** ⚖️147(1)—Lack of power to command justice does not prevent appeal on plea of privilege.

The fact that the county court could not command any justice's court to which the case was transferred to proceed with the trial of the case on its merits after an appeal on a plea of privilege does not defeat the right of appeal.

Appeal from Montague County Court; W. T. Russell, Judge.

Action by the King-Collie Company against J. M. McKay. From an order of the county court dismissing defendant's appeal from the

ruling of the justice of the peace denying his plea of privilege, defendant appeals. Reversed and remanded, with directions.

J. L. Rudy, of Bowie, for appellant.

Benson & Benson, of Bowie, for appellee.

DUNKLIN, J. The King-Collie Company instituted this suit against J. M. McKay in the justice court of precinct No. 4, Montague county, to recover an alleged indebtedness of $115.44. The defendant was a resident citizen of Wise county, where citation was served upon him. He filed his plea of privilege to be sued in the county of his residence. The plaintiff filed a controverting plea, and also exceptions to the plea of privilege. In the justice court the plea of privilege was overruled, and from that interlocutory order the defendant prosecuted an appeal to the county court. In the latter court the plaintiff's motion to dismiss appeal was sustained on the ground that that court had no jurisdiction to determine the issue of venue prior to a trial of the case on its merits. The defendant has appealed to this court from that order of dismissal.

[1] By act of the Legislature, passed in 1917 (Laws 1917, c. 176 [Vernon's Ann. Civ. St. Supp. 1918, art. 1903]), article 1903 of the Revised Statutes was amended. After prescribing the requisites of a plea of privilege and of the controverting plea in reply thereto, the article reads:

"Upon the filing of such controverting plea the judge or the justice of the peace shall note on same a time for a' hearing on the plea of privilege; provided, however, that the hearing thereon shall not be had until a copy of such controverting plea, including a copy of such notation thereon, shall have been served on each defendant or his attorney, for at least ten full days exclusive of the day of service and day of hearing. If the parties agree upon a date for such hearing it shall not be necessary to serve the copy above provided for. Either party may appeal from the judgment sustaining or overruling the plea of privilege, and if the judgment is one sustaining the plea of privilege and an appeal is taken, such appeal shall suspend transfer of the venue and a trial of the cause pending the final determination of such appeal."

[2] It thus appears that the right of appeal is given from an order sustaining or overruling a plea of privilege made in the justice court, the same as in any other trial court. It is true, as suggested by appellee, that neither that statute nor any other statute contains any specific direction with reference to what shall be done by the county court in the event the plea of privilege is sustained or overruled. However, we have reached the conclusion that as an incident to the right of appeal, given by that statute from such interlocutory order by the justice court, the Legislature intended that all such steps should be taken as will reasonably be re-

quired to accomplish that end. On appeal from the justice court to the county court, the trial is de novo, the county court having no appellate jurisdiction over the justice court. Hence the trial of the plea of privilege would be without regard to the determination of that plea by the justice court. If the plea is sustained, then the county court can enter an order changing the venue to the proper justice court of the county of the defendant's residence, and order all papers transmitted to that court, just the same as could be done by the justice court in which the suit was filed. If the plea of privilege is overruled, the county court could then order all the records of the case, together with the certified copy of the order overruling the plea, transmitted to the justice court where the case originated.

[3] While it is true that the county court could not command any court to which the case was transferred to proceed with the trial of the case on its merits, yet that would be no objection to the validity of such an order, since the same could be said of any such order made by any trial court transferring the case to another court after the plea of privilege is sustained.

For the reasons indicated, the order of the county court dismissing the defendant's appeal from the justice court is reversed, and the cause is remanded to that court, with directions to proceed to a determination of the plea of privilege on its merits, and after determining the same to order the clerk of that court to transmit a certified copy of such order, together with all the papers in the case, to the proper justice court, as indicated above.