## SINTON STATE BANK v. TYLER COMMERCIAL COLLEGE. (No. 2424.)

(Court of Civil Appeals of Texas. Texarkana. May 12, 1921.)

1. Pleading ⚖⇒111 — Plea of privilege prima facie proof of right to transfer.

Under Vernon's Ann. Civ. St. Supp. 1918, art. 1903, defendant's plea of privilege was prima facie proof of its right to have the case transferred to another county for trial.

2. Venue ⚖⇒7—Proof of plaintiff held not to show case within exceptions to venue statute.

In an action by a commercial college against a bank, on which was drawn a check given the college in payment for its scholarship and stationery, where defendant bank filed plea of privilege to be sued in the county where it had its office and transacted business, allegations and proof by plaintiff college that its contract with its student was made in the county of suit, and that by a telegram sent to it in such county in reply to one sent to defendant bank the bank agreed to pay the check, did not show a case within any of the exceptions to Vernon's Sayles' Civ. St. art. 1830, declaring that no

---

⚖⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

(231 S.W.)

person who is an inhabitant of the state shall be sued out of the county in which he has his domicile.

Appeal from Smith County Court; W. R. Castle, Judge.

Suit by the Tyler Commercial College against the Sinton State Bank. From a judgment for plaintiff, defendant appeals. Judgment reversed, and cause remanded, with instructions.

One Gerdes, residing in San Patricio county, purchased of appellee a "scholarship" entitling him to instruction at its college in Tyler, in Smith county, and to certain stationery for use in connection with such instruction. In payment for the scholarship and stationery Gerdes offered appellee his check for $137.50 in its favor on the appellant bank, incorporated under the laws of Texas and having an office and transacting business at Sinton, in said San Patricio county. Before it accepted the check appellee telegraphed appellant at Sinton to ascertain if it would pay same, and in reply, by a telegram sent January 19, 1920, was assured it would; but when the check was afterwards presented to it appellant refused to pay it, assigning as a reason for such refusal that Gerdes had in the meantime instructed it not to pay same. Appellee then sued appellant in a justice court in Smith county. The latter by a proper plea asserted a right it claimed to have the cause transferred to San Patricio county for trial. In an affidavit controverting said plea appellee insisted it had a right to sue in Smith county by force of the twenty-fourth exception to the general rule prescribed in article 1830, Vernon's Statutes, because, it alleged, a part of its cause of action arose in that county, and by force of the seventh and ninth exceptions to said article, because, it alleged, its suit was founded on fraud and trespass committed in said Smith county, in that it was induced by appellant's telegram delivered to it in said county to there part with its scholarship and stationery to Gerdes. Appellee's contention was sustained by the justice of the peace, who overruled appellant's plea and rendered judgment against it in appellee's favor for the sum it sued for. Thereupon appellant prosecuted an appeal to the county court of Smith county, where it renewed its insistence that the cause be transferred to San Patricio county for trial. That court, however, also overruled the plea, and, notwithstanding the exception of appellant to its action in that respect, the notice appellant then gave of an appeal from the order overruling its said plea, and its refusal to answer further, tried the cause on its merits and rendered judgment against appellant in appellee's favor for said sum of $137.50. The appeal by appellant is from both the order overruling its plea of privilege and the judgment against it on the merits.

E. P. Price, of Tyler, for appellant.
Brooks & Johnson, of Tyler, for appellee.

WILLSON, C. J. (after stating the facts as above). [1, 2] By force of the statute (article 1903, Vernon's 1918 Supplement) the plea of privilege was prima facie proof of a right in appellant to have the case transferred to San Patricio county for trial. In an effort to discharge the burden which therefore rested upon it to show that it was entitled to maintain its suit in Smith county notwithstanding said plea (Insurance Co. v. Robinson, 202 S. W. 354; Bank v. Sanford, 228 S. W. 650), appellee made the allegations referred to in the statement above, and at the hearing of the plea proved (1) that its contract with Gerdes was made in Smith county, and (2) that by a telegram sent to it at Tyler in reply to one it sent to appellant at Sinton the latter agreed to pay the check. It is plain, we think, that such proof did not show the case to be within any of the exceptions invoked to article 1830, Vernon's Statute, declaring that—

"No person who is an inhabitant of this state shall be sued out of the county in which he has his domicile."

The foundation of appellee's cause of action against appellant was not fraud or trespass on its part, but was its promise to pay the check. As that promise was made in San Patricio county, when appellant delivered the telegram to the telegraph company at Sinton for transmission to appellee at Tyler, it is clear no part of appellee's cause of action against appellant arose in Smith county. For anything appearing in the record to the contrary, the connection appellant had with the transaction between appellee and Gerdes was not other than the sending of that telegram in reply to the one appellee sent it.

The judgment will be reversed, and the cause will be remanded, with instructions to the court below to order the cause transferred to the justice court of precinct No. 1, San Patricio county, for trial, as provided in article 1833, Vernon's Statutes. McKay v. King-Collie Co., 228 S. W. 991.