## LUSE v. CISCO GRAIN CO. (No. 1326.)

(Court of Civil Appeals of Texas. El Paso. April 27, 1922. Rehearing Denied June 1, 1922.)

1. Appeal and error ⬅️870(3)—Failure to appeal from order overruling plea of privilege held to waive right to be further heard thereon.

Where a special plea of privilege of defendant to be sued in the county of his residence was overruled at a term of court previous to the term at which the case was tried, the failure of defendant to appeal from the order overruling his plea waived his right to have the plea further heard.

2. Trial ⬅️352(4)—Refusal to submit special issues not pleaded held not error.

Where special issues did not submit issues of fact pleaded by either plaintiff or defendant, refusal to submit either of them to the jury was not error.

3. Pleading ⬅️18—Answer and trial amendment held subject to special exception for indefiniteness.

In an action by a buyer of a car of hay against the seller for fraud in refusing to deliver a bill of lading according to his agreement after plaintiff had paid defendant for it, an answer setting up indebtedness against plaintiff for cars of hay and amounting to $280 and $300 demurrage, and a trial amendment of defendant stating an indebtedness for the hay for $369.25 and demurrage for hay involved in present suit in the sum of $105, were too uncertain and indefinite, and sustaining a special exception to them was not error.

Appeal from Eastland County Court, at Law; J. H. Jones, Judge.

Action by the Cisco Grain Company against A. F. Luse. From judgment for plaintiff, defendant appeals. Affirmed.

R. B. Truly, of Eastland, for appellant.
Patterson & Sherry, of Cisco, for appellee.

WALTHALL, J. H. J. Bradfish and J. N. McConnell, a partnership, doing business under the firm name of Cisco Grain Company, brought this suit against A. F. Luse, to recover the sum of $429.71, paid by them to Luse for a carload of alfalfa hay, but which hay Luse failed and refused to deliver.

Plaintiffs alleged:

That defendant was a resident of Tarrant county, Tex., and that all of the acts, representations, and transactions set forth occurred in Eastland county.

"(2) That on or about the 21st day of April, 1920, defendant represented to plaintiffs that he was the owner of, and entitled to, the immediate possession of a carload of alfalfa hay reasonably worth approximately $500, which hay was then in Illinois Central car No. 20934, in the possession of the Texas & Pacific Railway Company at the city of Cisco, said county and state, and the bill of lading regularly issued by said railroad company for said car was in the said First Guaranty State Bank of Cisco, Tex., subject to the order of said defendant; that the defendant on the date last mentioned represented to plaintiffs that if plaintiffs would pay defendant the sum of $429.71 defendant would have said bill of lading and said car of hay delivered to plaintiffs, the defendant further representing to plaintiffs that upon the payment of said sum the defendant would release all claim whatsoever that he had to said car.

"(3) That the plaintiffs relying upon the representations made to them by defendant as aforesaid thereupon on the 21st day of April, 1920, paid to defendant said sum of $429.71, and thereupon demanded the said car of hay and the bill of lading therefor, but that defendant unlawfully, maliciously, and fraudulently refused to deliver to plaintiffs said car of hay and said bill of lading, and said defendant further refused to release his claim to said hay.

"(4) That the defendant at the time plaintiffs paid him the sum of $429.71, as aforesaid, well knew that plaintiffs so paid said sum relying upon the representations made to them by defendant, but that defendant accepted said payment with the intention of refusing to deliver or cause to be delivered to plaintiffs said car of hay and said bill of lading; and at the time of accepting said payment the defendant made such representations for the purpose and with the intent of fraudulently obtaining said payments; and at that time the defendant well knew that all of said representations were false and fraudulent in so far as his intent to turn or cause to be turned over to plaintiffs said car of hay and said bill of lading.

"(5) That the defendant on the 22d day of April, 1920, representing to said bank that he was acting for the plaintiffs, without any authority therefor and with the false and fraudulent intent to prevent plaintiffs from obtaining said hay and said bill of lading, and well knowing that said railroad company would not deliver said hay to plaintiffs without the surrender of said bill of lading, obtained from said bank said bill of lading, and refused and still refuses to deliver same to plaintiff."

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Plaintiffs pray for judgment for said $429.71, and for costs and interest. The petition is verified.

Appellant filed and urged his plea of privilege to be sued in Tarrant county, Tex., the county of his residence, said plea conforming in all respects with the requirements of the statute. By agreement of the parties the plea of privilege was submitted to the court, and after hearing said plea same was by the court overruled and denied.

Defendant further answered by general demurrer, special exception, repleaded and urged in connection with his special exception his plea of privilege, general denial, special answer setting up the cross-action hereinafter stated.

The court sustained special exceptions to all of defendant's answer, except as to the general denial.

The case was tried on the merits with a jury and submitted upon special issues. The jury found that the Cisco Grain Company paid to defendant the sum of $429.71; that said sum was paid to defendant for the delivery of car of hay and bill of lading; and that defendant represented to plaintiffs that he would deliver said car of hay and bill of lading upon payment of said sum of $429.71.

Judgment was rendered in plaintiff's favor and against defendant for the amount as found by the jury.

[1] Appellant's first assignment and the propositions thereunder are directed to the overruling of the plea of privilege. The plea is formal, embracing all of the elements required by the statute. It is claimed that the plea was in no manner controverted sufficient to overcome its legal effect, either by pleadings or the evidence. Error is claimed also under this assignment that the court refused to submit to the jury the question of fraud set up by plaintiffs and relied upon by plaintiffs to sustain its jurisdiction, and in refusing to submit special issues requested by defendant.

The order of the court overruled the plea at a previous term of the court. The record does not show that appellant prosecuted an appeal from the order overruling the plea, and, on the holding in Hill v. Brady (Tex. Civ. App.) 231 S. W. 145, appellant waived his right to have the plea further heard.

We have sufficiently stated the allegations of the petition. If, as alleged, the car of hay was in the possession of the Texas & Pacific Railway Company, at Cisco, in Eastland county, at the time of its sale by defendant to plaintiffs, and the bill of lading for the hay was then in the bank, and subject to defendant's order, and if defendant represented to plaintiff that he would, on payment of agreed price for the hay, then deliver to plaintiff the bill of lading and release the car of hay to plaintiffs; and if plaintiffs relied upon such representations and paid the price of the hay to defendant;

and if defendant, when he made such representations, did not intend to deliver the bill of lading to plaintiffs as he had represented; and if defendant thereafter and without authority represented to the bank that he was acting for plaintiffs, and by such representations obtained the bill of lading from the bank, and withheld the bill of lading from plaintiffs, and by so doing intended to prevent and prevented plaintiffs from obtaining the car of hay from the railroad company; and if all such representations, acts, and conduct of defendant occurred in Eastland county—such facts, we think, would constitute such fraud as to bring the case under subdivision 7 of article 1830, R. S., applying to venue of suits. Chicago, T. & M. C. Ry. Co. et al. v. Titterington, et ux., 84 Tex. 218, 19 S. W. 472, 31 Am. St. Rep. 39; Burchill v. Hermsmeyer (Tex. Civ. App.) 212 S. W. 770; Robinson v. Faville (Tex. Civ. App.) 213 S. W. 319.

[2] It was not error to refuse to submit either of the special issues copied in the brief, as same do not submit the issues of fact pleaded by either plaintiffs or defendant.

[3] The court sustained a special exception to all of defendant's answer and trial amendment except as to the general denial. In this we think there was no error. The answer alleged that, before the payment for the carload of hay was made by plaintiffs, plaintiffs had ordered from defendant a number of carloads of hay and failed to pay for same as agreed, in at least the sum of $280 for the hay, and the additional sum of at least $300 for demurrage. By the trial amendment defendant alleged that—

"The carload of hay shipped prior to the carload of hay in controversy alleged in said answer were as follows: One car received by plaintiff on or about March 15, 1920, of 16,370 pounds weight and of the value of $369.25, and was taken from hay stack at Cisco after car arrived and unloaded. The demurrage was the cost and charges on the car of hay involved in this suit and amounting to $105, all to defendant's damage, to which he is entitled to judgment for $474.25."

We fail to find in the record the special exception to the answer and trial amendment setting up the cross-action, except as to the issue of venue. But the assignment complains of the sustaining of exceptions general and special to the answer and trial amendment. The answer and trial amendment are too uncertain and indefinite. In the amended answer the claim of indebtedness is to several cars of hay amounting to at least $280, and demurrage in the sum of $300, and the trial amendment states an indebtedness for the hay of $369.25, and the demurrage was for the car of hay involved in this suit, and stated to be $105.

Finding no reversible error, the case is affirmed.