### QUEEN et al. v. TURMAN et al.
### (No. 1340.)

(Court of Civil Appeals of Texas. El Paso. May 4, 1922. Rehearing Denied June 1, 1922.)

1. **Partition 57—Answer not subject to demurrer, though not offering to return to statu quo after alleged parol partition.**

Cotenants brought an action for the construction of conveyances and for partition of land, alleging prior parol partition and decree of court confirming it, whereby the tenants in common held the the mineral interests in the land in severalty. One defendant answered denying the parol partition, alleging that he was not a party to the suit confirming the same, and setting up a conveyance from one of the tenants in common of an undivided interest in the whole tract, and by cross-action asked for judgment for value of the oil taken. Held, that such answer was not subject to general demurrer because it contained no offer to return the statu quo.

2. **Appeal and error 725(2)—Assignments of error which are not specific will not be considered.**

Assignments of error complaining of the refusal to sustain special exceptions contained in supplemental petition will not be considered, where the supplemental petition contains several special exceptions, and it is not pointed out by any proposition, or otherwise, which of them is relied on.

3. **Trial 273—Objections to instructions not made before the charge is read to the jury are waived.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1971, unless objections to instructions are made in writing before the instructions are read to the jury, they are waived.

4. **Evidence 589—Jury need not accept as true uncontradicted testimony of party.**

The uncontradicted testimony of a party need not be accepted as true by the jury.

5. **Mines and minerals 55(5)—Deed held to convey an interest in all the minerals in a tract of land.**

A deed conveying "one-half interest in all of the oil, gas and other minerals in and under and that may be produced from the following described lands, * * * being an un-

divided one-half interest in sixty acres out of my undivided one-half interest in 121 acres of land more or less," followed by a description thereof by metes and bounds, and reciting the interest therein conveyed as "being all of the oils and minerals under an undivided thirty acres or one-half of same under an undivided sixty acres," conveyed an interest in all the minerals produced from the 121.3 acres, where no partition of the mineral rights into blocks was made before the deed.

**6. Mines and minerals ☞55(8)—In suit to establish mineral rights during judgment against plaintiffs held error without evidence that they took oil or received money therefor.**

In a suit to establish the mineral rights in a tract of land, the rendering of a money judgment against the plaintiffs *held* error, where there was no evidence that they took any oil or received any money for oil other than was due them according as their interest appeared.

**7. Appeal and error ☞1073(3)—Failure to render judgment against parties defendant and their disclaimer held not erroneous.**

Failure .to render judgment in favor of plaintiffs against certain defendants on their disclaimer *held* not erroneous, where their interests had been assigned to another and the assignee had intervened as a party defendant and set up his rights under the assignment.

**8. Appeal and error ☞877(7)—Appellant held not entitled to complain of error affecting defendants only.**

Plaintiffs sought to enforce a parol partition of the minerals rights in land owned by them in common, as against claimants under assignments of undivided interests of cotenants, who they claimed had notice of the partition. One of the defendants claiming as assignee of other defendants intervened and set up his rights under the assignment. *Held* that, where plaintiffs failed to establish the parol partition, they could not on appeal assert that the judgment in favor of intervener was not supported by any evidence, since plaintiffs were not affected by such decree, and intervener was not required to introduce evidence of title until plaintiff showed a right to recover as against him.

**9. Appeal and error ☞743(1)—Assignments of error merely referring to bill of exceptions held insufficient.**

Assignments of error, "The court erred, as shown by plaintiff's bill of exceptions No. 1, here referred to and made a part hereof," and which contains no further statement and no reference to the page of the transcript, cannot be considered.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

Suit by Lizzie Queen and others and L. C. Turman and others. Judgment for defendants, and plaintiffs appeal. Modified and affirmed.

Grisham Bros. and Burkett, Anderson & Orr, all of Eastland, for appellants.

Sayles & Sayles and Conner & McRae, all of Eastland, and Willis & Works, of Fort Worth, for appellees.

HARPER, C. J. This suit was instituted by Lizzie Queen, joined by her husband, Mrs. N. O. Bearden, a feme sole, A. Bearden, Zula Horton and husband, and C. D. Woodard, individually, and as guardian of the estate of C. O. and J. C. Woodard, minors, against L. C. Turman and Cleaves Rhea, guardian of the estates of Evelyn and John W. Potter, minors, and the Magnolia Petroleum Company, and others, who for cause of action alleged:

That November 1, 1918, plaintiffs were joint owners of 121.3 acres of the Juana Salinas survey in Eastland county, Tex.; that about November 1, 1918, they, by oral agreement, partitioned the mineral rights therein so that each would own and hold the mineral rights in a particular part as follows: To C. D., C. O., and J. C. Woodard, minors, lot No. 1, containing 15⅛ acres.· To Lizzie Queen and husband lot No. 2, containing 15 acres. To Zula Horton .and husband, lot No. 3, 15 acres. To Mrs. N. O. Bearden and A. Bearden, lot No. 4, 79.9 acres subject' to lease theretofore executed to Hog Creek Oil Company.

That this partition applied to mineral and not to the surface; that November 20, 1918, this agreed partition, after plat was made,. was submitted to the district court of Eastland county, Tex.; and that after a commission appointed had reported this to be a fair partition of the lands between the parties, the court, cause No. 4827, entered judgment in all things confirming same.

That after the oral agreement, and before· judgment entry, defendant L. C. Turman offered to purchase 30 acres of Mrs. N. O. Bearden's royalty; that she informed him of the above agreement, and that he agreed to · take conveyance subject thereto, and with full knowledge of said facts Turman secured a deed from plaintiff Mrs. N. O. Bearden, by which he and his assigns are now claiming an undivided 30-acre royalty in the whole of said 121.3-acre tract; that plaintiffs have sold their royalties to the Magnolia Petroleum Company in accordance with above partition, and it refuses to pay because of the· claim of defendant Turman and his assigns.

It is then alleged that L. C. Turman, F. E. Tucker, and J. W. Potter were copartners in the purchase from Mrs. Bearden, and that subsequent to the execution of the deed J. W. Potter died, leaving surviving him, as heirs at law, Evelyn and Jno. W. Potter; that Cleaves Rhea is their guardian; that defendants should not be heard to contend for any other construction than that placed on said instrument at the time of its execution and· delivery; that they are estopped from doing so by certain facts detailed.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

They pray judgment for a construction of the conveyances and partition and for a money judgment against the oil company.

Defendant L. C. Turman answered by denying the alleged oral partition. He denied that it had any binding effect; that he had no notice thereof or of the decree of court, (a) because he was not a party to the suit, that it was instituted after his purchase, that his deed from Mrs. Bearden was a conveyance of one-half of her interest in and to all oil, gas, and other minerals in an undivided one-half interest in and to 121.3 acres. Then he named his assigns and their interests, as well as his own, and reconvened, and by cross-action asked a judgment against all parties plaintiff and the Magnolia Petroleum Company, for the value of oil taken.

Other defendants by their answers ask for same relief.

The cause was submitted by special issues, and upon the answers judgment was entered against the plaintiffs and for defendants on their cross-action for royalty interests in all of said 121.3-acre tract for various sums against each plaintiff and against the Magnolia Petroleum Company for large sums, from which this appeal.

[1] We fail to see the pertinency of the assignment and proposition that the defendants' answer is subject to general demurrer because there is no offer to return the statu quo.

There are no pleadings to cancel any conveyance, but a cross-action for the value of oil taken which defendants claim belong to them under the conveyances recited in their pleadings, and judgment is entered accordingly.

[2] Assignments Nos. 2 to 8, inclusive, complain of the refusal of the trial court to sustain special exceptions of plaintiff by supplemental petition to the answers and cross-actions of defendants. These supplemental pleadings contain many special exceptions, and we are not advised by proposition, or otherwise, which one or more are charged to be the basis of exception, so are not considered.

[3] The court submitted the following special issues, and they were answered as indicated:

(1) "Did the plaintiffs herein on or prior to November 15, 1918, by mutual consent or oral agreement, partition the mineral rights in 121½ acres of land in controversy into lots Nos. 1, 2, 3, and 4, partitioning to each party their respective interests therein? Answer: No."

Other questions not answered.

Then specially requested by counsel for plaintiff:

"Did the plaintiff, Mrs. N. O. Bearden, make written demand on L. C. Turman for the payment of the additional consideration of $12,000 provided for in said mineral deed prior to the time that any well had been brought in on what is called lot No. 4, having settled daily production of 200 barrels of oil? Answer: Yes."

It is by assignments and propositions contended that the court erred in submitting these charges for various reasons assigned.

These objections to the charge are waived because not presented in the trial court as required by article 1971, Vernon, Sayles' Statutes of Texas.

[4] Next, it is urged that there is no evidence to support the finding in response to issue No. 1, and for that reason cannot be the basis for a judgment in the case.

This contention rests upon the proposition that all the testimony is to the contrary and to the effect that there was an oral partition of the tract of land prior to the date of the Turman deed. The appellants' evidence relied upon consists of the testimony of parties at interest and plaintiffs.

We take it that the rule is now established in Texas that the testimony of a party need not be accepted as establishing the facts stated by him, though there is no evidence to the contrary. Burleson v. Tinnen (Tex. Civ. App.) 100 S. W. 350; Brannan v. Bank (Tex. Civ. App.) 211 S. W. 945. But we are of the opinion that the record will not bear out the proposition that there is no evidence to the contrary.

[5] Again, appellants insist that the court should have construed the written instrument, deed from Mrs. Bearden to Turman, in the light of the understandings between the parties, to be a conveyance of a 30-acre interest of a subdivision containing 60 acres. The deed in question reads, as applicable to the proposition:

"I, Mrs. N. O. Bearden, widow, * * * do grant, bargain, sell, set over and assign and deliver unto L. C. Turman the following, to wit:

"One-half interest in and to all of the oil, gas and other minerals in and under and that may be produced from the following described lands, * * * being an undivided one-half interest in and to sixty acres out of my undivided one-half interest in and to 121 acres of land more or less, a part of the Juana Salinas Headright survey and described by metes and bounds as follows: (Then description by metes and bounds.)

"The interest herein conveyed being all of the oils and minerals under an undivided thirty acres or one-half of same under an undivided sixty acres."

This instrument conveys $30/121.3$ of all the oil, etc., in the land described at its date, November 15, 1918, and, the jury having found as a fact that no parol partition had been agreed upon before its execution, the court could not have construed it to be a conveyance of a 30-acre interest of a subdivision of 60 acres.

[6] The court rendered judgment for the defendants Turman, Rhea, as guardian of the minors, Evelyn and John W. Potter, John

R. Dexter, United Producers' Pipeline Company, and against the plaintiffs, and the Magnolia Petroleum Company, for certain sums of money as the acreage of each, found by the court, bears to the whole of the 121.3 acres. This is charged as error because appellants say there is neither pleading nor proof to support it. This is well taken. The pleadings are sufficient, but there is no evidence that any party plaintiff took any oil or received any moneys for oil other than was due them according as their interest appears. But, on the other hand, the Magnolia Petroleum Company is charged by plaintiffs with refusing to pay for oil taken out, and this is assigned as the reason for instituting this suit. And the said company by its answer admits taking the oil, says it is an impartial stakeholder, and ready to pay for same as the court may adjudge the interests of the parties to be. So there could be no liability upon the part of plaintiff for oil taken either directly or as sureties.

That part of the judgment quieting title in the defendants (appellees here) is a proper decree under the pleadings and facts.

[7] By the seventeenth it is urged that the court erred in not rendering judgment against defendants Tucker, Yoder, Mallen, Guenther, Western Royalty Syndicate, R. S. Besse, Wyoming Mineral Syndicate, Mountain Range Syndicate, and the Osage Investment Company, on their disclaimer.

The disclaimer contains the allegation that they had assigned all their interests to J. R. Dexter. The latter was permitted to intervene in this suit and set up such interest in the royalties in controversy, so a judgment for plaintiffs against them would be a useless formality, especially in view of the fact that the court has determined that the interests of the parties plaintiff is an undivided interest in the whole of the 121.3 acres. This is the effect of the affirmative findings in favor of the defendants upon their cross-actions.

[8] In this connection, it is urged that a judgment in favor of Dexter was not supported by any evidence that he owned any interest. He has intervened as a defendant. The other defendants do not by pleadings deny the interest claimed, and plaintiffs have sought to recover upon the theory of a parol partition of the lands into blocks. They having failed to recover, so far as the parties plaintiff are concerned, a decree in his favor does not affect them. He was not required to introduce evidence of title until plaintiff showed a right to recover against him.

[9] Assignments 23 to 32, inclusive, are in form, as follows:

"The court erred as shown by plaintiffs' bill of exceptions No. 1, here referred to and made a part hereof."

The brief contains no further statement, no reference to the page of the transcript where these bills of exceptions may be found, etc., so they are not in compliance with the rules of briefing. But we have read these bills with a view to ascertaining if there was reversible error suggested in either of them, and have concluded that there is not. So they are overruled without further comment.

Finding no reversible error, the judgment will be here reformed so that no personal judgment for moneys be awarded appellees against any party plaintiff, and otherwise affirmed.