EVANS v. ELLIS. (No. 2227.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 19, 1923.)

1. Appeal and error ⬳499(1)—Record of objections to judgments should not be reserved by bill of exceptions.

Generally, record of objections to judgments of court should not be reserved by bill of exceptions.

2. Appeal and error ⬳257—Exception to order overruling plea of privilege held sufficiently reserved.

Under Rev. St. (Vernon's Ann. Civ. St. Supp. 1918) art. 1903, relating to appeals from rulings on pleas of privilege, where, after entry of order sustaining exceptions to plea of privilege, the case was tried on its merits at the same term, and the final judgment, to which

due exception was noted in the judgment entry, by its express terms sustained the exceptions to the plea of privilege, the order overruling such plea of privilege was sufficiently reserved for review, though no exception was noted in the body of the order.

3. Appeal and error ⬳870(3)—Order overruling plea of privilege reviewable on appeal from final judgment.

Under Vernon's Ann. Civ. St. Supp. 1918, art. 1903, one filing a plea of privilege need not take an interlocutory appeal from an order overruling the plea, but may have such order reviewed on appeal from the final judgment.

4. Pleading ⬳301(2) — Attestation of plea held sufficient.

The authority of a district clerk and deputies to administer oath, affidavits, etc., under Rev. St. arts. 10, 13, 1690, 1691, 1693, is not limited to proceedings appertaining to the court of which he is clerk, and the attestation of a plea of privilege by the clerk of a district court by his deputy is proper.

5. Pleading ⬳301(1)—Attestation by deputy district clerk held in proper form.

An attestation of a plea of privilege by deputy district court clerk, in the name of the clerk by himself as deputy, was in proper form, under Rev. St. arts. 10, 13, 1690, 1691, 1693.

6. Justices of the peace ⬳174(13)—Limitation may be first pleaded in county court after appeal from justice's court.

Under Rev. St. art. 759, a plea of limitation may be first pleaded in the county court after an appeal from the justice's court.

Appeal from Donley County Court; J L. Bain, Judge.

Action by T. H. Ellis against J. H. Evans. Judgment for plaintiff, and defendant appeals. Reversed and remanded, with instructions.

Fires & Williams, of Childress, for appellant.

J. R. Porter, of Clarendon, for appellee.

BOYCE, J. The appellee, Ellis, brought this suit in the justice's court of Donley county, against the appellant, Evans, to recover an amount alleged to be due for medical services. The defendant filed a plea of privilege, claiming the right to have the suit tried in the justice's precinct of his residence in Childress county. This plea was in regular form, duly subscribed by the defendant, and attested as follows:

"Sworn to and subscribed before me, this the 19th day of February, 1923. J. M. Alexander, Clerk District Court, Childress County, Texas, by H. D. Cordell, Deputy. [Seal District Clerk, Childress County, Texas.]"

The justice of the peace sustained exceptions to the plea and rendered judgment for the plaintiff. The defendant appealed to the county court, and that court, on April 19, 1923, sustained exceptions to the plea of privilege. On April 28, 1923, the defendant, reserving his rights under his plea of privilege, filed an answer to the merits, pleading

limitations to a part of plaintiff's cause of action. The court sustained exceptions to the plea of limitations on the ground that the plea was not made in the justice's court, and proceeded to the trial of the case, rendering final judgment for the plaintiff on April 30, 1923. This judgment by its express terms also sustained the exceptions to the plea of privilege. Exception to the judgment and notice of appeal by defendant were recited therein.

The first question to be disposed of is in reference to the plea of privilege. Appellee contends that appellant's assignments presenting these questions should not be considered, because, first, no proper exception was taken to the order of the court sustaining exceptions to the plea of privilege, and, second, that the failure to take an interlocutory appeal from such order waived the plea.

[1, 2] There is no exception noted in the body of the order of April 19, 1923, above referred to, but the defendant took a regular bill of exception to such order. As a rule the record of objections to the judgments of the court should not be reserved by a bill of exception. Some of the courts have held that exceptions to orders on a plea of privilege should be reserved by bill of exceptions; there is a conflict in the decisions as to such matter, and we do not enter into a discussion of the subject here, as we may dispose of the case on the assumption that the bill of exceptions should be disregarded. This court held in the case of King-Collie Co. v. Wichita Warehouse Co. (Tex. Civ. App.) 205 S. W. 748, that exception in the judgment entry is not necessary where the record otherwise shows that the party was objecting to the action of the court. In that case, as in this, no exception to the order on demurrer was noted; but the point was presented in the motion for new trial in the court below and by assignment in this court, and it was held that this was sufficient. Furthermore, after the entry of the order on April 19th, the court again adjudicated the matter in the final judgment, which, as we have stated expressly sustained the exceptions to the plea of privilege and added to it the judgment, "that the venue of said cause be and the same is hereby retained." Due exception to this judgment was noted in the judgment entry, and we think this would, in any event, be sufficient.

[3] That part of article 1903, Revised Statutes (Vernon's Ann. Civ. St. Supp. 1918), which provides for an interlocutory appeal from the judgment on a plea of privilege, is as follows:

"Either party may appeal from the judgment sustaining or overruling the plea of privilege, and if the judgment is one sustaining the plea of privilege and an appeal is taken, such appeal shall suspend the transfer of the venue and a trial of the cause pending the final determination of such appeal."

The Texarkana Court of Civil Appeals held, in the case of Hill v. Brady (Tex. Civ. App.) 231 S. W. 145, that failure to take an interlocutory appeal from the order overruling the plea of privilege waived the plea so that it might not be considered on appeal of the case taken after trial on the merits. This decision was followed by the El Paso court in the case of Luse v. Cisco Grain Co. (Tex. Civ. App.) 241 S. W. 314, and by the Galveston Court, in the case of Smith Bros. Grain Co. v. Windsor & Stanley (Tex. Civ. App.) 242 S. W. 350. The San Antonio Court, in the case of Nicholson & Rasbury v. Wilson (Tex. Civ. App.) 240 S. W. 614, seemed to be disposed to criticize the decision. The reason advanced by the court in Hill v. Brady, supra, for the holding, was that it was evidently the purpose of the Legislature in providing for the interlocutory appeal to have the question of venue finally determined before a trial on the merits, and thus save the time and expense of a fruitless trial in the event the judgment on the venue question should be reversed; and, further, that this purpose of the Legislature could not be accomplished if the defendant were permitted to try the case on its merits after his plea to the venue had been overruled and then have the question reviewed on appeal from final judgment. As the logical corollary of this holding, the same court held that pending the interlocutory appeal from an order overruling the plea of privilege, the trial court could not proceed with the trial of the case on its merits. McKean & McNeal v. Martin (Tex. Civ. App.) 241 S. W. 786 (opinion on motion for rehearing); Wallace v. Adams (Tex. Civ. App.) 243 S. W. 573. Pending decision of the motions for rehearing in these cases, the Supreme Court held, in the case of Allen v. Woodward, 111 Tex. 457, 239 S. W. 602, 22 A. L. R. 1253, that the interlocutory appeal provided for by article 1903, Revised Statutes, "suspends a trial, pending determination of the appeal, only in the event the judgment appealed from is one sustaining the plea." Thereafter the Texarkana court wrote an additional opinion in the two cases above mentioned, the second opinion in McKean & McNeal v. Martin (Tex. Civ. App.) 243 S. W. 575. The majority of the court adhered to its former decision of the case, Justice Hodges dissenting. The Supreme Court thereafter granted Martin's application for writ of error in the case last mentioned. This court, in the case of Smith v. Citizens' National Bank (Tex. Civ. App.) 246 S. W. 409, referring to the decision of the Supreme Court, held that under some circumstances it was not error for the trial court to try the plea of privilege and the case on its merits together.

If the decision of the Supreme Court applies to a case of this kind, and we think it does, then the reason for the holding in the case of Hill v. Brady, fails. There would be

no good reason for requiring the defendant to take an interlocutory appeal in order to preserve his rights under a plea of privilege when that would not prevent a trial of the case pending the appeal. If the trial court has the right to proceed with the trial after overruling the plea of privilege, then it would be more reasonable to hold that the defendant should then have the right to preserve his objections to the action of the court on his plea of privilege through such trial and have all the questions in the case settled in one appeal. We conclude, therefore, that we are required to pass on the merits of the question as to whether the court was in error in denying the plea of privilege.

[4, 5] The only suggestion of any defect in the plea of privilege is the claim that the attestation was insufficient because: First, the district clerk was without authority to take affidavits of this character; second, if the deputy clerk had authority to take the affidavit, he should have attested it personally. The following provisions of the statutes are involved in the determination of the questions thus presented:

"Art. 10. *Oaths, etc., Generally by Whom Administered.*—All oaths, affidavits or affirmations necessary or required by law may be administered, and a certificate of the fact given, by any judge or clerk of a court of record, justice of the peace, or by any notary public, within this state."

"Art. 13. *Officers Authorized to Take Affidavits.*—Affidavits may be made before either of the following officers, who are authorized to take such affidavits and give a certificate thereof: (1) If taken within this state, before the officers named in article 10 of this title. * * *"

"Art. 1693. * * * The several clerks of the district courts shall have power to administer oaths and affirmations required in the discharge of their official duties, to take the depositions of witnesses, and generally to perform all such duties as are, or may be, imposed upon them by law."

Article 1690 provides for the appointment of deputy district clerks, and article 1691 is as follows:

"Such deputies shall take the oath of office prescribed by the Constitution; they shall act in the name of their principal, and may do and perform all such official acts as may be lawfully done and performed by such clerk in person."

Articles 10 and 13 were enacted in 1885 and 1887. Article 1693, containing some modifications as it now reads, was enacted in 1846. In Carlee v. Smith, 8 Tex. 134, and Smith v. Wilson, 15 Tex. 132, at which time the law simply provided that the district clerks should have power to administer oaths, "in all cases required in the discharge of the duties of their office," it was held that such clerks were authorized to administer oaths only in "proceedings appertaining to the court of which he is clerk." The legislation

of 1885 and 1887 was evidently designed to enlarge this restricted authority. The general language of the body of the enactment shows this. It is further evidenced by the emergency clause of the act of 1885, now article 10 of the statutes, which reads as follows:

"The fact that no general authority is invested in the judicial officers of the state to administer oaths, creates an emergency, etc." Acts 1885, p. 78, Gammel's Laws, vol. 9, p. 698.

After such legislation it was held, in the case of Walthew v. Milby, 3 Willson, Civ. Cas. Ct. App. § 120, that an affidavit of the character now in question might under the authority of such law be taken by a deputy district clerk. There is no inconsistency between the provisions of article 1693 and articles 10 and 13. Article 1693 expressly provides for the enlargement of the duties of the clerk by other provisions of law; and the proposition that the broad provisions of articles 10 and 13 are to be restricted by the terms of article 1693 cannot in our opinion be sustained.

The attestation of the deputy is in strict conformity to the express provision of the statutes and is therefore in proper form. Culp v. Commissioners' Court of Coryell County (Tex. Civ. App.) 214 S. W. 944; Kirby Lumber Co. v. Long (Tex. Civ. App.) 224 S. W. 906. The first case deals with the attestation of a deputy county clerk, but is in point because the provision with reference to attestation by such clerks is similar to the one under consideration. R. S. arts. 1748 and 1749.

We are of the opinion, therefore, that the court erred in not sustaining the plea of privilege. The judgment will be reversed and the cause remanded to the court below, with instructions to sustain the plea of privilege and transfer the case to the justice's court of precinct No. 1, in Childress county, Tex. Kramer v. Lilley, 55 Tex. Civ. App. 339, 118 S. W. 735; McKay v. King-Collie Co. (Tex. Civ. App.) 228 S. W. 991.

[6] We are also of the opinion that the court was in error in holding that the plea of limitations could not be pleaded in the county court. Article 759, Revised Statutes; S. S. White Dental Mfg. Co. v. Hertzberg, 92 Tex. 528, 50 S. W. 122; Nunn v. Edmiston, 9 Tex. Civ. App. 562, 29 S. W. 1115; Branscum v. Reese (Tex. Civ. App.) 219 S. W. 871. The case of Pickett v. Edwards (Tex. Civ. App.) 25 S. W. 32, is to the contrary, but conflicts in the holdings in question of this character were settled by the Supreme Court in the case of S. S. White Dental Mfg. Co. v. Hertzberg, supra.

ADDENDA. The opinion of the Commission of Appeals, in the case of Smith Bros. Grain Co. v. Windsor & Stanley, 255 S. W. 158, has been published since the writing of the fore-

going opinion. Whatever may be our opinion as to the correctness of that decision, the case at least sustains our disposition of this case, since the trial of this case on the merits was at the same term that the plea of privilege was overruled.