## G. J. NUNN v. F. G. EDMISTON.

### No. 770.

1. **Appeal from Justice Court—Pleading New Matter.**—On appeal from the Justice Court to the County Court the defendant may plead any new matter in bar, except setoff or counter-claim, though not pleaded in the Justice Court.

2. **Waiver of Statute of Limitations—Public Policy.**—An agreement to waive the right to plead the statute of limitation, made before the debt was barred, is against public policy, and will not be upheld.

APPEAL from Houston. Tried below before Hon. A. B. WATKINS.

*H. W. Moore*, for appellant.—1. A new defense can not be set up in a case appealed from a Justice Court to the County Court, where an answer and pleas were filed in the Justice Court over the objections of plaintiff. Sayles' Civ. Stats., arts. 1262, 1573, 1575.

Can not set up a new cause of action or defense: 67 Texas, 290.

Can not except to cause of action after taking issue on it: 4 Texas, 29.

Exceptions must be pleaded or filed in regular order of pleading: 34 Texas, 364; Rule 7 for pleading in District and County Courts; 84 Texas, 709; Downtain v. Connellee, 2 Texas Civ. App., 96. Also see Rules of Pleading, 84 Texas, 710, Rules 12 and 13.

2. When one by his words or conduct voluntarily causes another to believe the existence of a certain state of things, and thereby induces him to act on that belief so as to alter his own previous position, the former is concluded from averring against the latter a different state of things as existing at the same time. 1 W. & W. C. C., sec. 1051; 2 Pars. on Con., 795, and note under 786 and 793.

Not necessary to specially plead estoppel: 46 Texas, 375; 56 Texas, 162; Westbrook v. Girderin, 3 Texas Civ. App., 411.

*Nunn & Nunn*, for appellee.—1. New matter can be pleaded in County or District Courts on appeal from a Justice Court, except new cause of action, setoff, or counter-claim; and a defendant, though he has filed no pleading in the Justice Court, may on appeal set up his defenses. 1 Sayles' Civ. Stats., art. 316; Swinborn v. Johnson, 24 S. W. Rep., 567; Railway v. Jones, 23 S. W. Rep., 424; Blanton v. Langston, 60 Texas, 149; Perry v. Rhodes, 20 Texas, 730.

2. When an action may appear to be barred by limitation, no acknowledgment of the justness of the claim will bar limitation, unless such acknowledgment is in writing and signed by the party charged thereby. 2 Sayles' Civ. Stats., art. 3219. And to renew a note and prevent the same being barred by limitation, there must be in writing an acknowledgment of the justness of the debt and a promise to pay.

GARRETT, CHIEF JUSTICE.—Nunn sued Edmiston in the Justice Court on a promissory note dated March 5, 1885, due twelve months

after date.  Suit was filed September 18, 1891.  There were indorsed on the note several credits, and the following:  "I hereby waive the statute of limitations.  [Signed]  F. G. Edmiston."  This indorsement was made within four years of the date of filing of the suit, and payments were made on the note after it was made.  Defendant, in the Justice Court, pleaded payment only.  A trial resulted in a judgment in favor of the plaintiff for $63.98.  Defendant appealed to the County Court, and the case was transferred from that court to the District Court on account of the disqualification of the county judge.  In the District Court the defendant pleaded the statute of limitations by a special exception, which was sustained by the court, and judgment was rendered dismissing the suit, and in favor of the defendant.

On this appeal the plaintiff contends:

1.  The plea of limitation came too late, having been pleaded for the first time in the District Court.

2.  The defendant, by his indorsement on the note, his conduct in promising the defendant that the statute of limitations should not run against the note, and his subsequent payments thereon, was estopped from pleading the statute of limitations.

The plea of limitation was not a plea in abatement, but was a plea in bar of the plaintiff's cause of action.  It having appeared from the note sued on itself that it was barred by limitation, the plea could be made by special exception.  No setoff or counter-claim could be set up by the defendant in the District Court that was not pleaded in the Justice Court, but he could plead new matter.  Rev. Stats., art. 316.  The defense of limitation was new matter, and might be pleaded in the District Court.

The indorsement, "I hereby waive the statute of limitations," was not, and plaintiff does not contend that it was, a renewal of the defendant's obligations to pay.  Iron Works v. Mitchell, 27 S. W. Rep., 508.  It has been held, that a person may by contract waive the right to plead the statute of limitations.  13 Am. and Eng. Encyc. of Law, 717, et seq., and notes.  Such agreements are, however, in our opinion, contrary to public policy and subversive of a wholesome statute, and should not be upheld.  Shapley v. Abbott, 42 N. Y., 443, and other authorities cited in 13 Am. and Eng. Encyc. of Law, p. 718, note 1.

Nothing appears in plaintiff's pleadings that would estop the defendant from setting up the statute.  Rev. Stats., art. 3219.

The judgment below will be affirmed.

*Affirmed.*

Delivered February 14, 1895.