## YOUNG v. SORENSON & HOOPER.

(Court of Civil Appeals of Texas. San Antonio. March 5, 1913.)

1. APPEAL AND ERROR (§ 742*) — ASSIGNMENTS OF ERROR—SUFFICIENCY.

Where assignments of error failed to comply with rule 31 of the Court of Civil Appeals (142 S. W. xiii) providing that with each proposition there shall be a brief statement of the proceedings sufficient to explain and support the proposition, with a reference to the pages of the record, as a result of which they could not be considered, except by a continual reference to the transcript and statement of facts, they were not reviewable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

2. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

An assignment of error was sufficient where, when considered with the proposition and statement, it informed the court of the points sought to be made, though it was not briefed strictly in accordance with the rules.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

3. APPEAL AND ERROR (§ 916*) — REVIEW — PRESUMPTIONS—PLEADINGS.

Where, in an action originating in justice court on an account more than two years old, the plaintiff filed written pleadings in county court, but failed to plead any agreement fixing the time when the account should become due, though the defendant specifically pleaded limitations, the usual presumption indulged in case of oral pleadings in justice court will not be applied on appeal from the county court in favor of the action of the county court in submitting to the jury the question of the existence of such agreement.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3699–3705; Dec. Dig. § 916.*]

4. TRIAL (§ 252*)—INSTRUCTIONS—EVIDENCE.

Where, in an action on an account more than two years old, the defendant pleaded limitations, and there was no evidence of any agreement as to when the account should become due, other than mere vague statements regarding an understanding between the parties, it was error to instruct the jury to find for plaintiff if the parties agreed that the account should not become due until a certain time within the limitation period.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

5. LIMITATION OF ACTIONS (§ 199*)—WAIVER—EVIDENCE—SUBMISSION OF ISSUE.

In an action on an account more than two years old, evidence that some years prior to the making of the account defendant stated that the statute of limitations would never run

against any account he made is insufficient to authorize a submission to the jury of the issue of waiver of the statute; such statement being no more than an agreement to waive the right to plead limitations, which agreement would be void as against public policy.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 727–730; Dec. Dig. § 199.*]

Appeal from Aransas County Court; F. Stevens, Judge.

Action by Sorenson & Hooper against S. P. Young. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

W. H. Baldwin, of Rockport, for appellant. John B. Eddins, of Rockport, and Kleberg & Stayton, of Kingsville, for appellees.

MOURSUND, J. Appellees sued appellant on October 20, 1911, in justice's court of precinct No. 1 of Aransas county for $134.28 due on account. November 27, 1911, appellant filed his written answer containing demurrer and special exceptions. November 27, 1911, plaintiffs filed their account, itemized, the items dated from January 1 to April 13, 1909, aggregating $134.28, and an item of 15 cents being dated March 17, 1910. Defendant filed demurrer, general denial, and specially pleaded the statutes of limitation of two years as to all items except the 15 cents, which he admitted owing. He also orally pleaded payment of said account. December 26, 1911, plaintiffs filed an amendment alleging that, defendant being a farmer and engaged in rural occupations, his account was not considered due until January 1, 1910. December 29, 1911, plaintiff recovered judgment in the justice's court for $150.45. After defendant appealed the case to the county court, plaintiffs on April 15, 1912, filed their first supplemental petition, to which defendant answered by demurrer, special exceptions, and oral plea of payment. The trial resulted in a verdict and judgment in favor of plaintiffs for $150.45, and defendant appealed.

[1] Appellee has interposed many objections to the consideration of the assignments of error presented by appellant; some based upon failure to comply with the amendments to the rules effective January 1 and 24, 1912, others based upon the rules as they have existed for years. It has not been the policy of this court to refuse to consider assignments filed in cases tried within a few months after January, 1912, as to the rules which took effect in said month; and we would not refuse to consider any of the assignments filed in this case for that reason alone. However, all the assignments, except the ninth, fail to comply with rule 31 (142 S. W. xiii). The consideration of such assignments would require a continual reference by this court to the transcript and the statement of facts. As violations of this rule are called to the attention of the bar in

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

exceedingly numerous cases, we deem it unnecessary to describe and comment upon the same in detail, as has been done in appellees' brief.

[2] We conclude that we should consider the ninth assignment, though it is not briefed strictly in accordance with the rules; yet, when the assignment, proposition, and statement are considered together, we are informed of the points sought to be made, and the statement, when aided by the assignment, is sufficient.

[3, 4] Said assignment No. 9 reads as follows: "The court erred in giving to the jury plaintiff's requested special charge No. 3, as follows: 'If you find in this case that the minds of either of the plaintiffs and defendant met upon an agreement that plaintiffs' account would not be collectible until a certain time, and if you further find that such time, if any, was within two years of the time of filing this suit in the justice court, then, in case you so find in each case above, you will return a verdict for plaintiff'—because there was neither pleading nor evidence to support such charge, because the same is utterly misleading, contrary to the pleading and evidence and constitutes fundamental error."

The contentions relied upon by appellant, and to be considered, are that the issue submitted was not pleaded, and that there is no evidence justifying its submission. Appellant, in his statement, says plaintiff did not plead that the parties ever entered into any contract fixing a time when the account sued on would become due; and this statement is not denied by appellee in his answer to the assignment. Appellees merely ask us to presume that the allegations were aided by verbal pleading because this case originated in the justice's court. We cannot indulge such a presumption where appellee filed written pleadings in the county court.

We gather from the briefs that appellees alleged several grounds depended upon to avoid the force of the statute of limitations, among others that a contract existed between the parties that the account should become due on January 1st, after the date of the purchases. Such allegation would not justify the charge objected to, as is fully realized by appellees when they ask us to indulge the presumption of a verbal pleading to aid the charge.

There was absolutely no evidence of any agreement that the account should be due on January 1st following its making; and in fact Sorenson, one of the appellees, testified there never was any agreement as to when the account should become due, but he also testified that, during his long course of dealing, it was understood between his firm and appellant that the goods would be paid for when appellant got the money to do so. We do not consider the vague statements regarding an understanding between the parties as sufficient to raise the issue of an agreement in the face of his positive testimony that there was no agreement. The assignment is sustained.

[5] In view of another trial, we deem it advisable to express the opinion that the testimony to the effect that, some years prior to the making of the account sued upon, appellant stated that the statute of limitations would never run against any account he made was insufficient to authorize the submission of the issue of waiver of the statute, and that the same could not be used as the basis of an estoppel. Such a statement could have no higher standing than an agreement to waive the right to plead the statutes of limitation; and an agreement of that character is held to be contrary to public policy and void. Nunn v. Edmiston, 9 Tex. Civ. App. 562, 29 S. W. 1115.

The judgment is reversed, and the cause remanded.