## TITUS et ux. v. WELLS FARGO BANK & UNION TRUST CO.
### No. 10186.

Circuit Court of Appeals, Fifth Circuit.

Feb. 18, 1943.

B. D. Tarlton and Hal F. Rachal, both of Corpus Christi, Tex., for appellants.

Marcellus G. Eckhardt, Jr., of Corpus Christi, Tex., and L. Hamilton Lowe, of Edinburg, Tex., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

Brought on allegations of diversity of citizenship in a federal court in Texas, by Wells-Fargo Bank and Union Trust Company, plaintiff, a California corporation, against Louis Titus and his wife, Alice Titus, alleged to be resident citizens of Nueces County, Texas, the suit was to recover on two separate written contracts of guaranty, which had matured more than four years prior thereto. Each contract provided "The undersigned hereby guarantees * * * as a continuing guar-

anty and irrespective of any statute of limitations and unconditionally and at all times * * * ". Both defendants plead the Texas Statutes of Limitations of four years. The defendant, Alice Titus, plead her coverture. There was a pretrial stipulation that at the time of the execution of the guaranty agreements, the defendants were residents of Washington, D. C., and were only temporarily in California, and an agreement that plaintiff is entitled to judgment against both defendants unless precluded by the defense of the statute of limitations, or as to Mrs. Titus by her plea of coverture. On the trial it was conceded: that the agreement to waive the statute of limitations was valid in California where the contract was executed and was to be performed, and because it was, it was also valid in the District of Columbia where defendants resided when the contract was made; and that the contract was valid and enforcible when made against both defendants because Mrs. Titus' coverture would not be a defense to a suit brought either in California or the District of Columbia. It was also conceded that if the contract had been made in Texas, to be performed there, the agreement to waive the statute of limitations would be unenforcible against both defendants, and Mrs. Titus' joinder with her husband in a contract of guaranty would be unenforcible as to her as subversive of the statutes of Texas and contrary to its public policy.

The district judge, treating the agreement to waive the statute as going not to the remedy for the enforcement of the contract but to its substance, concluded that made in California to be performed there, and valid there, and in the District of Columbia where the defendants resided when it was made, that it did not contravene the public policy of Texas when sought to be enforced there. He, therefore, rejected the defense of the statute of limitations and held the contract valid and enforcible. As to the defense of coverture, he held that, valid and enforcible in California and in the District, its enforcement against a married woman moving to Texas after the contract had been made was not violative of the public policy of Texas.

 We are not in any doubt that the defense of the statute of limitations should have been maintained. The agreement not to plead limitation was not of the substance of the contract, it pertained entirely to the remedy for its enforcement. Lex Loci contractus in the absence of a statute creating the right has no application to statutes of limitation. The lex fori governs. 11 Am.Jur. 506. Limitation statutes operate on the remedy. They do not extinguish the right. They are enacted in each state as an expression of the public policy of that state to encourage promptness in the bringing of actions and as statutes of repose. Whether or not the statute will be pleaded is a personal privilege, and the defense may be waived either before or after the expiration of the prescribed time limit, but it is generally held that any waiver before the bar has fallen must be specific and only for a reasonable time, and that the purpose of such statutes may not be thwarted by general agreements to waive the benefit of the statute permanently 34 Am.Jur., p. 320. The Texas courts have adopted this view. Nunn v. Edminston, 9 Tex.Civ.App. 562, 29 S.W. 1115; Young v. Sorenson & Cooper, Tex. Civ.App., 154 S.W. 676. This being so, when plaintiff, electing to sue in Texas, invoked the remedy there afforded, it did so subject to the laws of Texas governing those remedies and must stand or fall by them.[1] Because, however, such a defense goes not to the substance of the contract but operates merely on the remedy, a judgment which denies relief, merely because such a statute has run against the claim, determines only that no action may be brought on that claim in that state. It does not and cannot determine that an action may not be maintained on the contract in another state. Freeman on Judgments, 5th Ed. Vol. 3, § 726, p. 1538; § 1297, p. 2885.

Because plaintiffs have no remedy which they can enforce in Texas against either defendant, we express no opinion on whether, but for the defense of limitation, there could be a recovery there against Mrs. Titus, notwithstanding her plea of coverture. The judgment is reversed and the cause is remanded for further and not inconsistent proceedings, including the right of plaintiff, if it is so advised, to dismiss its suit without prejudice.

---

[1] If action is barred by the statute of limitations of the forum, no action can be maintained though it is not barred in the state where the cause of action arose. A. L. I. Restatement, Conflict of Laws, § 603.