**Umphrey H. BOWLING, Jr.; Harold Williams, Plaintiffs,**

v.

**J.R. BUDERUS; Buderus Family Trust; Founders Title Company, a corporation, Defendants.**

**Bernard ZOLDESSY, Plaintiffs,**

v.

**J.R. BUDERUS; the J.R. Buderus Family Trust: Founders Title Company, Defendants.**

Civ. A. Nos. 82–680–N, 83–H–993–N.

United States District Court, M.D. Alabama, N.D.

Jan. 6, 1986.

Wayne P. Turner and Frank W. Riggs, Montgomery, Ala., for Bowling.

H.A. Lloyd, Demopolis, Ala., for Zoldessy.

Rushton, Stakely, Johnston & Garrett (Dennis R. Bailey and Robert A. Huffaker), Montgomery, Ala., for Founders Title.

J.R. Buderus, Milton Freewater, Or.; pro se.

## MEMORANDUM OPINION AND ORDER

HOBBS, Chief Judge.

These cases are now before the Court for further proceedings consistent with the mandate entered herein by the Court of Appeals for the Eleventh Circuit on December 3, 1985, and for consideration of plaintiff Williams' motion to dismiss without prejudice, filed November 14, 1985. Upon consideration of the opinion, 773 F.2d 1175, and mandate of the Eleventh Circuit in these cases, the Court is now of the opinion that plaintiffs Williams and Zoldessy should not have been awarded attorney fees under the terms of 18 U.S.C. § 1964(c).

Accordingly, it is ORDERED, ADJUDGED and DECREED that the memorandum opinion and judgments entered by this Court on June 29, 1984 are hereby withdrawn insofar as attorney fees were awarded to plaintiffs Williams and Zoldessy.

The Court now will consider the motion to dismiss filed by plaintiff Williams. At the close of trial on March 29, 1984, Williams received a jury verdict of $25,000 (trebled to $75,000) against all defendants on his civil RICO claim. However, the Court of Appeals for the Eleventh Circuit vacated the judgment in favor of Williams, holding that the applicable Alabama statute of limitations had expired on his claim. Williams now asks this Court to dismiss his case without prejudice so that he may refile his lawsuit in Florida, where the applicable statute of limitation apparently has not run, and where plaintiff is a resident citizen.

Generally, a dismissal on the basis of a statute of limitation bars only the remedy and not the claim. 1B *Moore's Federal Practice* ¶ 0.409[6], at 335 (2d ed. 1984). Thus, a "dismissal on the ground of a time bar establishes that the action cannot be brought again in a jurisdiction in which the statute is applicable, but it does not adjudicate the merits of the controversy or the issue of whether it is time barred in another jurisdiction." 1B *Moore's Federal Practice* ¶ 0.409[6], at 339 (2d ed. 1984). The Restatement of Judgments § 49, comment a, at 194–95 (1942) clearly states this principle:

> [I]f the plaintiff brings an action to enforce a claim in one State and the defendant sets up the defense that the action is barred by the Statute of Limitations in that State, the plaintiff is precluded from thereafter maintaining an action to enforce the claim in that State. He is not, however, precluded from maintaining an action to enforce the claim in another State if it is not barred by the Statute of Limitations in that State.

Because an action brought in another jurisdiction will not be barred automatically by res judicata, Professor Moore suggests that the original action should be dismissed

without prejudice to plaintiff's right to sue in another jurisdiction. See 1B *Moore's Federal Practice* ¶ 0.409[6], at 341–42 (2d ed 1984); *cf. Titus v. Wells Fargo Bank and Union Trust Co.*, 134 F.2d 223 (5th Cir.1943) (remanded to dismiss without prejudice "if it is so advised"). Professor Moore further states that *Stokke v. Southern Pacific Co.*, 169 F.2d 42 (10th Cir.1948) stands for the proposition that a plaintiff whose case is time barred has a *right* to a dismissal without prejudice. 1B *Moore's Federal Practice* ¶ 0.409[6], at 341–42 n. 31 (2d ed. 1984).

If a plaintiff is entitled to a dismissal without prejudice where he carelessly files suit after the statute of limitations has clearly expired, as in *Stokke*, certainly he should be entitled to a dismissal without prejudice where the issue is so close that a district court after a careful consideration of the law erroneously allows the case to go to trial. Plaintiff should not be penalized for the mistake of the Court.

This Circuit appears to be in accord with this view. In *Titus v. Wells Fargo Bank & Union Trust Co.*, 134 F.2d 223 (5th Cir. 1943), plaintiff brought a diversity suit in Texas to enforce two contracts made by the defendants. The Texas statute of limitations clearly barred the action. However, the district court determined that the statute of limitations had been waived by agreement and allowed the case to go to trial. In the *Titus* case, as in the instant case, the plaintiff prevailed at the trial level. On appeal, the Fifth Circuit found that the agreement to waive the statute was against public policy and unenforceable in Texas and remanded the case for further proceedings "including the right of plaintiff, if it is so advised, to dismiss its suit without prejudice," because "a judgment which denies relief, merely because such a statute [of limitation] has run against the claim, determines only that no action may be brought on that claim in that state. It does not and cannot determine that an action may not be maintained on the contract in another state." *Titus*, 134 F.2d at 224. *Titus* apparently remains binding authority in this circuit. *See Hen-*

*son v. Columbus Bank & Trust Co.*, 651 F.2d 320, 324–25 (5th Cir.1981). Plaintiff Williams argues that a dismissal without prejudice is not unduly prejudicial to defendant because Williams was only one of three plaintiffs in the instant suit, and he will be only one of several plaintiffs in the Florida action. This Court understands *Titus* to make it irrelevant that plaintiff was only one of several plaintiffs in this Court and may well be only one of several plaintiffs in a Florida action. Accordingly, it is

ORDERED that plaintiff's motion to dismiss without prejudice to his right to refile his lawsuit in another jurisdiction is granted.