**John H. DUNCAN, Jr., Appellant,**

v.

**John LISENBY and The Lisenby Company, Inc., Appellees.**

No. 14–94–01027–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 14, 1995.

Douglas B. Baker, Houston, Jim M. Perdue, Jr., Houston, for appellant.

Mark A. Carrigan, Houston, Maxine D. Goodman, Houston, for appellees.

Before MURPHY, C.J., and AMIDEI and ANDERSON, JJ.

## OPINION

ANDERSON, Justice.

John H. Duncan, Jr. (Duncan) appeals a summary judgment in favor of John Lisenby and Lisenby Company Inc. (Lisenby). In two points of error, Duncan contends: 1) a fact issue exists on Lisenby's statute of limitations defense; and 2) Lisenby should be estopped from using the statute of limitations as a defense. We reverse and remand.

Duncan filed a lawsuit against Lisenby in October 1992, for negligence, gross negligence, conversion, and trespass for having allegedly removed two trees from Duncan's property without permission. The trees were removed in August 1990. Lisenby filed a motion for summary judgment on the grounds that all of Duncan's claims were barred by the two year statute of limitations. TEX.CIV.PRAC. & REM.CODE ANN. § 16.003 (Vernon 1986). Duncan's response to the motion for summary judgment asserted the parties had reached an oral agreement to toll the statute of limitations while they were involved in settlement negotiations. Duncan also argued in his response that Lisenby should be estopped from relying on the limitations defense, contending Lisenby fraudulently withdrew from a settlement offer after the limitations period had passed.

■ Summary judgment is proper when a movant establishes there is no genuine issue of material fact and movant is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c). In deciding whether there is a material issue of fact in dispute, all evidence favorable to the non-movant will be taken as true and every reasonable inference must be indulged in favor of the non-movant, and all doubts resolved in its favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–549 (Tex.1985); *Karl v. Oaks Minor Emergency Clinic*, 826 S.W.2d 791, 794 (Tex. App.—Houston [14th Dist.] 1992, writ denied).

■ In Duncan's first point of error, he contends a material fact issue exists as to whether the parties had reached an agreement to toll the statute of limitations. Attached to his response to Lisenby's motion for summary judgment is an affidavit from Duncan's attorney of record at the time the lawsuit was filed. According to the affidavit, the parties were engaged in negotiations from March 1992 through August 1992 and had agreed to toll the statute of limitations while they pursued a settlement.

■ Parties may agree to waive the statute of limitations before the statutory bar has fallen. *American Alloy Steel v. Armco, Inc.*, 777 S.W.2d 173, 177 (Tex.App.—Houston [14th Dist.] 1989, no writ); *Squyres v. Christian*, 253 S.W.2d 470, 472 (Tex.Civ. App.—Fort Worth 1952, writ ref'd n.r.e.); *Titus v. Wells Fargo Bank & Union Trust Co.*, 134 F.2d 223, 224 (5th Cir.1943). A general agreement in advance to waive or not to plead the statute of limitations on a particular obligation is void as against public poli-

cy. *American Alloy*, 777 S.W.2d at 177; *Squyres*, 253 S.W.2d at 472; *Titus*, 134 F.2d at 224. The agreement must be specific and for a pre-determined length of time. *American Alloy*, 777 S.W.2d at 177.

■ Lisenby contends the affidavit stating the existence of a tolling agreement is conclusory and therefore not competent summary judgment proof. Summary judgment affidavits must be based upon personal knowledge, set forth facts which would be admissible in evidence, and affirmatively show the affiant is competent to testify to the matters addressed by the affidavit. Tex. R.Civ.P. 166a. An affidavit does not constitute competent summary judgment proof if it is conclusory or based on opinion. *See e.g. Texas Division–Tranter, Inc. v. Carrozza*, 876 S.W.2d 312, 314 (Tex.1994).

Duncan's attorney testified in the affidavit, "[Defendant's counsel] and I agreed to toll the statute of limitations while we pursued settlement." This statement is direct and unequivocal. It is based on personal knowledge and sets forth facts which would be admissible as evidence. Taking the proof favorable to the non-movant as true, Duncan's summary judgment proof establishes the existence of an oral agreement to toll the statute of limitations.

Lisenby also argues summary judgment is appropriate because the affidavit does not show that the agreement was specific and for a pre-determined length of time. However, applying the standard of review for a summary judgment, we must indulge the reasonable inference, in favor of Duncan, that the tolling agreement met this criteria. *Nixon*, 690 S.W.2d at 548–549; *Karl*, 826 S.W.2d at 794. Because Duncan's summary judgment proof raised a genuine issue of material fact, we sustain his first point of error.

■ In his second point of error, Duncan argues the trial court erred in granting Lisenby a summary judgment because Lisenby should be estopped from relying on the statute of limitations defense. Duncan contends that Lisenby had a duty to tell him he was withdrawing from his settlement offer before the limitations period passed. Although we are reversing this case because a material question of fact exists, we must also address Duncan's second point because the existence of a fact question does not preclude Lisenby from attempting to use the limitations defense at trial; estoppel, however, would.

■ Estoppel may bar a limitations defense when a party, or his agent or representative, makes representations that induce a plaintiff to delay filing the suit within the applicable limitations period. *Villages of Greenbriar v. Torres*, 874 S.W.2d 259, 264 (Tex.App.—Houston [1st Dist.] 1994, writ denied); *Cook v. Smith*, 673 S.W.2d 232, 235 (Tex.App.—Dallas 1984, writ ref'd n.r.e.). To invoke estoppel, a party must prove that the party to be estopped made a false representation or concealed a material fact. *Villages of Greenbriar*, 874 S.W.2d at 264; *Cook*, 673 S.W.2d at 235.

The attorney who represented Lisenby during the period the parties engaged in negotiations testified by affidavit that he and Duncan's attorney believed the case had been settled but "the potential for settlement proved to be elusive." Further, Duncan's counsel stated in an affidavit, "Based upon the representations of the Defendants, I believed the case was settled in the period of July—August 1992. I did not learn that the settlement had collapsed until early October 1992 when the succeeding attorney contacted me, at which time the suit was filed." The parties never reduced a settlement agreement to writing. These affidavits do not prove that a false representation was made or a fact fraudulently concealed. The affidavits merely establish that at some point settlement negotiations broke down. Duncan's second point of error is overruled.

The judgment of the trial court is reversed and remanded for trial.