TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00489-CV






Elmer Herbert (Sandy) Hoff, Individually and as Executor of the


Estate of Elizabeth Hoff, Appellant



v.



Texas Medical Liability Trust and Rodney Stephens, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NO. 97-01814, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING







 Elmer Hoff, pro se, appeals from a summary judgment in favor of Texas Medical
Liability Trust ("TMLT") and Rodney Stephens. By two points of error, Hoff contends the trial
court erred in granting summary judgment on his claims for fraud and negligent misrepresentation
and challenges the sufficiency of the proof supporting the summary judgment. We will affirm the
trial court's judgment.


Background


 Vernon Elledge, M.D., now deceased, provided medical care for Hoff's wife in
late 1992 and before her death in March 1993. Hoff, believing Elledge acted negligently in caring
for his wife, sent Elledge a notice-of-claim letter two days before the end of the two-year
limitations period. See Tex. Rev. Civ. Stat. Ann. art. 4590i, §§ 4.01, 10.01 (West Supp. 1998). 
As a result of sending the notice, the statute was tolled for seventy-five days. See Tex. Rev. Civ.
Stat. Ann. art. 4590i, § 4.01(c). Elledge forwarded the letter to his insurer, TMLT. On
February 15, 1995, sixteen days before the tolling period expired, Stephens, an employee of
TMLT, responded to Hoff by letter requesting more information about his medical malpractice
claim. The letter included the following closing paragraph: 


Once I have your specific allegations and information with regard to your damages,
I will review this matter with our insured and then be back in touch with you to
further discuss this matter. This request provides you with an alternative to filing
suit immediately in this case. (Emphasis added.)



By a letter of March 8, 1995, Hoff responded and provided at least some of the requested
information. In this letter, which was not included as summary judgment evidence, a reference
apparently was made to TMLT's tolling the statute of limitations. By a June 29, 1995 letter,
TMLT and Stephens conveyed the following to Hoff:


I previously had been engaged in the arduous task of securing the medical records
in order to thoroughly evaluate this claim. . . .


During my recent review of the file I noted that the statute of limitations on this
case has expired. Accordingly, I have closed this file.


I found your reference to my agreement to toll the statute of limitations to be
somewhat confusing. I have not ever agreed to toll the statute of limitations and
I think you will find that my initial response letter does not address the issue of the
statute of limitations nor does it contain any language which constitutes a tolling
agreement. I assume that you have me confused with one of the other parties that
you placed on notice.


Based on the fact that the statute of limitations has expired, I will not be in a
position to entertain a resolution of this case by way of settlement.

 Inexplicably, Hoff waited until January 4, 1996, to file suit against Elledge. In
response, Elledge alleged limitations and moved for summary judgment. The trial court granted
summary judgment and dismissed the case with prejudice. After the dismissal, Hoff filed this suit
against TMLT and Stephens alleging fraud and negligent misrepresentation regarding the statute
of limitations for Hoff's claims against Elledge.

 Hoff contended that by the statement in the February letter, "This request provides
you with an alternative to filing suit immediately in this case," TMLT and Stephens fraudulently
and negligently misrepresented they agreed to toll the statute of limitations. TMLT and Stephens
moved for summary judgment asserting that the letter contained no information, and certainly no
false information about limitations or their agreement to toll the statute. TMLT and Stephens
argued Hoff therefore could not prevail on his claims of fraud and negligent misrepresentation. 
The trial court granted summary judgment in favor of TMLT and Stephens. On appeal, Hoff
asserts that the summary judgment evidence is legally insufficient to support the judgment.


Standard of Review


 The standards for reviewing a summary judgment are well settled: (1) the movant
must show there is no genuine issue of material fact and that it is entitled to judgment as a matter
of law; (2) in deciding whether there is a disputed material fact issue precluding summary
judgment, the court must take evidence favorable to the nonmovant as true; and (3) the court must
indulge every reasonable inference in favor of the nonmovant and resolve any doubts in the
nonmovant's favor. Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex.
1985). In other words, the issue on appeal is not whether the nonmovant raised a material issue
of fact precluding summary judgment; rather, the issue is whether the movant proved it was
entitled to judgment as a matter of law. Gibbs v. General Motors Corp., 450 S.W.2d 827, 829-30
(Tex. 1970); Tex. R. Civ. P. 166a(c). If the appellate court finds the movant has not met its
burden, it must reverse and remand the case for further proceedings. Gibbs, 450 S.W.2d at 828-29. To prevail on summary judgment, a defendant, as the movant, must establish as a matter of
law that there is no genuine issue of fact as to one or more of the essential elements of the
plaintiff's cause of action.


Discussion


 By two points of error, Hoff contends the affidavit offered by TMLT and Stephens
as summary judgment evidence was conclusory and therefore insufficient to support the summary
judgment.

 Summary judgment affidavits must be based upon personal knowledge, set forth
facts which would be admissible in evidence, and affirmatively show the affiant is competent to
testify to the matters addressed by the affidavit. Duncan v. Lisenby, 912 S.W.2d 857, 859 (Tex.
App.--Houston [14th Dist.] 1995, no writ); Tex. R. Civ. P. 166a. An affidavit does not constitute
competent summary judgment proof if it is conclusory or based on opinion. Id.

 As summary judgment evidence, TMLT and Stephens submitted Stephens's
affidavit along with copies of the February 15 and June 29 letters. By affidavit, Stephens stated
the only communications he or anyone at TMLT had with Hoff before he filed suit against Elledge
were the letters of February 15 and June 29. Stephens also stated,


Neither I nor anyone else from TMLT ever agreed to toll or extend the statute of
limitations in any potential lawsuit Mr. Hoff may have had against Vernon Elledge,
M.D. Neither I nor anyone else at TMLT have ever supplied false information for
the guidance of Mr. Hoff concerning the limitations period in any potential lawsuit
he may have had against Dr. Elledge. Neither I nor anyone else from TMLT ever
made a material misrepresentation which was false concerning the limitations
period in any potential lawsuit Mr. Hoff may have had against Dr. Elledge.



 Parties may agree to toll or waive the statute of limitations either before or after
the expiration of the prescribed time limit. Starcrest Trust v. Berry, 926 S.W.2d 343, 351 (Tex.
App.--Austin 1996, no writ) (citing Duncan v. Lisenby, 912 S.W.2d 857, 858 (Tex. App.--Houston
[14th Dist.] 1995, no writ)). The agreement, however, must be specific and for a pre-determined
length of time. Id. A general agreement in advance to waive or not to plead the statute of
limitations on a particular obligation is void as against public policy. Duncan, 912 S.W.2d at
858-859 (citing American Alloy Steel v. Armco, Inc., 777 S.W.2d 173, 177 (Tex. App.--Houston
[14th Dist.] 1989, no writ)).

 It was uncontroverted that the statute of limitations expired before Hoff sued
Elledge unless by some means it was tolled. Hoff alleged that by one sentence in Stephens's
February letter TMLT fraudulently agreed to toll the statute. Stephens responded that neither he
nor TMLT ever agreed to toll the statute and submitted an affidavit to that effect, along with the
February letter. Hoff replied that Stephens's affidavit was conclusory and therefore did not
constitute summary judgment proof that TMLT did not agree to toll the statute.

 Stephens's affidavit was proper summary judgment evidence. See Duncan, 912
S.W.2d at 858 (affidavit stating "[Defendant's counsel] and I agreed to toll the statute of
limitations while we pursued settlement" was direct and unequivocal evidence of oral agreement).

 In any event, as a matter of law, the one sentence Hoff solely relies upon as
TMLT's agreement to toll the statute of limitations does not meet the requirements for effective
tolling. The sentence is not specific and does not provide a pre-determined length of time for a
tolling period. Id. at 859. As a matter of law, Hoff was not entitled to a tolling of the statute for
an undetermined period of time as he asserts TMLT and Stephens agreed to do in the letter. The
trial court's granting of TMLT and Stephens's summary judgment motion was proper.


 Conclusion


 We overrule Hoff's two points of error and affirm the trial court's judgment. 



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: April 16, 1998

Do Not Publish



icient to support the summary
judgment.

 Summary judgment affidavits must be based upon personal knowledge, set forth
facts which would be admissible in evidence, and affirmatively show the affiant is competent to
testify to the matters addressed by the affidavit. Duncan v. Lisenby, 912 S.W.2d 857, 859 (Tex.
App.--Houston [14th Dist.] 1995, no writ); Tex. R. Civ. P. 166a. An affidavit does not constitute
competent summary judgment proof if it is conclusory or based on opinion. Id.

 As summary judgment evidence, TMLT and Stephens submitted Stephens's
affidavit along with copies of the February 15 and June 29 letters. By affidavit, Stephens stated
the only communications he or anyone at TMLT had with Hoff before he filed suit against Elledge
were the letters of February 15 and June 29. Stephens also stated,


Neither I nor anyone else from TMLT ever agreed to toll or extend the statute of
limitations in any potential lawsuit Mr. Hoff may have had against Vernon Elledge,
M.D. Neither I nor anyone else at TMLT have ever supplied false information for
the guidance of Mr. Hoff concerning the limitations period in any potential lawsuit
he may have had against Dr. Elledge. Neither I nor anyone else from TMLT ever
made a material misrepresentation which was false concerning the limitations
period in any potential lawsuit Mr. Hoff may have had against Dr. Elledge.



 Parties may agree to toll or waive the statute of limitations either before or after
the expiration of the prescribed time limit. Starcrest Trust v. Berry, 926 S.W.2d 343, 351 (Tex.
App.--Austin 1996, no writ) (citing Duncan v. Lisenby, 912 S.W.2d 857, 858 (Tex. App.--Houston
[14th Dist.] 1995, no writ)). The agreement, however, must be specific and for a pre-determined
length of time. Id. A general agreement in advance to waive or not to plead the statute of
limitations on a particular obligation is void as against public policy. Duncan, 912 S.W.2d at
858-859 (citing American Alloy Steel v. Armco, Inc., 777 S.W.2d 173, 177 (Tex. App.--Houston
[14th Dist.] 1989, no writ)).

 It was uncontroverted that the statute of limitations expired before Hoff sued
Elledge unless by some means it was tolled. Hoff alleged that by o