

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## 13-12-00383-CV

RAMIRO LUCIO,                                                    Appellant,

v.

THE CITY STATE BANK OF PALACIOS,                        Appellee.

## 13-12-00384-CV

ABEL LUCIO JR.,                                                 Appellant,

v.

THE CITY STATE BANK OF PALACIOS,                        Appellee.

On appeal from the 130th District Court
of Matagorda County, Texas.

# MEMORANDUM OPINION

Before Justices Rodriguez, Garza and Perkes
Memorandum Opinion by Justice Garza

Following a bench trial, the trial court entered judgment in favor of appellee, the City State Bank of Palacios ("the Bank"), in its suits against appellants, Ramiro Lucio ("Ramiro") and Abel Lucio, Jr. ("Abel"), on promissory notes. In appellate cause number 13-12-383-CV, the trial court entered judgment against Ramiro in the amount of $265,232.52. In appellate cause number 13-12-384-CV, the trial court entered judgment against Abel in the amount of $219,538.16. Because appellants raise the same issues on appeal, we address both causes in this opinion. We affirm the trial court's judgments.

## I. BACKGROUND

The evidence at trial showed that, on June 14, 2010, the Bank filed suit against Abel to collect a debt, and on July 2, 2010, it filed a similar suit against Ramiro to collect a debt.[1] In each suit, the Bank alleged that sometime prior to November 2003, Ramiro and Abel had each defaulted on a debt owed to the Bank.

On February 5, 2004, the Bank negotiated separate agreements (the "Assignments") in which Ramiro and Abel each acknowledged the amount of their respective debt and granted the Bank an interest in a pending lawsuit in which they were plaintiffs ("the Lucio case"). The Bank's petitions also alleged that each Assignment contained a tolling agreement, which provided that the statute of limitations on the Bank's claims would be tolled while the Lucio case was pending. The Lucio case was decided unfavorably for the Lucios in the trial court; on appeal, this Court affirmed the trial court's judgment.[2] As noted above, in June and July 2010, several months after

---

[1] The record reflects that the Bank also sued Maria Delores Lucio, Abel and Ramiro's sister. By stipulation, the trial court tried all three suits together. Maria is not a party to this appeal.

[2] *See Lucio v. John G. and Marie Stella Kenedy Mem'l Found.,* 298 S.W.3d 663, 665 (Tex.

this Court issued its mandate in the Lucio case, the Bank filed separate lawsuits against Ramiro and Abel based on the Assignments.

It is undisputed that the Bank's petitions were filed more than six years after the Assignments were signed, well outside the four-year statute of limitations for suits to collect a debt. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(3) (West 2002). The Bank argues that, pursuant to the tolling provisions in the Assignments, Ramiro and Abel each agreed to toll limitations until the conclusion of the Lucio suit. Ramiro and Abel argued to the trial court and on appeal that the tolling provisions in the Assignments are inadequate to extend the statute of limitations because they do not provide for a pre-determined length of time.

Following a bench trial, the trial court rendered judgment in the Bank's favor in each case. Neither findings of fact nor conclusions of law were filed or requested.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

"In reviewing a trial court's decision where no findings of fact or conclusions of law are filed or requested, we will imply all necessary findings of fact to support the trial court's decision." *In re Williams*, 328 S.W.3d 103, 112 (Tex. App.—Corpus Christi 2010, orig. proceeding) (citing *Pharo v. Chambers County*, 922 S.W.2d 945, 948 (Tex. 1996)). "The trial court's decision must be affirmed if it can be upheld on any legal theory that finds support in the evidence." *Id.* (citing *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990)). A trial court's implied findings of fact in a bench trial have the same force and dignity as a jury's verdict upon jury questions. *Cadle Co. v. Ortiz*, 227 S.W.3d 831, 834 (Tex. App.—Corpus Christi 2007, pet. denied). Therefore, the trial court's implied findings are similarly reviewed for legal and factual sufficiency of the evidence. *Id.*

---

App.—Corpus Christi 2009, pet. denied).

3

Statute of limitations is an affirmative defense, and the parties asserting the defense—here, Ramiro and Abel—bear the initial burden to plead, prove, and secure findings to sustain their plea of limitations. *See* TEX. R. CIV. P. 94; *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex. 1988). A party asserting a matter in avoidance of the statute of limitations at trial—here, the Bank—bears the burden of proving and securing favorable findings thereon. *See Woods*, 769 S.W.2d at 518 & n.2; *see also Gardner v. Cummings*, No. 14-04-01074-CV, 2006 Tex. App. LEXIS 7383, at *8 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (mem. op.).

The statute of limitations is a personal privilege that may be waived either before or after expiration of the statutory time period. *See Duncan v. Lisenby*, 912 S.W.2d 857, 858–59 (Tex. App.—Houston [14th Dist.] 1995, no writ); *see also Gardner*, 2006 Tex. App. LEXIS 7383, at *9. However, an agreement to toll the statute of limitations must be specific and for a reasonable time. *Duncan*, 912 S.W.2d at 858–59; *Am. Alloy Steel, Inc. v. Armco, Inc.*, 777 S.W.2d 173, 177 (Tex. App.—Houston [14th Dist.] 1989, no writ); *see also Gardner*, 2006 Tex. App. LEXIS 7383, at *9.

When a party without the burden of proof suffers an unfavorable finding, the challenge on appeal is one of "no evidence to support the finding." *Red Sea Gaming, Inc. v. Block Inv. (Nevada) Co.*, 338 S.W.3d 562, 566 (Tex. App.—El Paso 2010, pet. denied). A legal sufficiency or "no evidence" challenge will be sustained on appeal if the record shows: (1) the complete absence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a scintilla; or (4) the evidence establishes conclusively the opposite of the vital fact. *Id.* We view the evidence in the light most favorable to the verdict, crediting favorable evidence if a reasonable juror

4

could, and disregarding contrary evidence if a reasonable juror could not. *Id.* at 566–67. We also indulge every reasonable inference that would support it. *Id.* at 567.

## III. DISCUSSION

By their only issue, Ramiro and Abel argue that the "tolling agreement" language in the Assignments is inadequate to extend the statute of limitations because it is not for a pre-determined period of time. The Bank argues that, in the tolling agreement, the parties agreed that the statute of limitations would be tolled until the Lucio case was resolved.

The Assignments state:[3]

> I, [Abel or Ramiro] (Assignor) hereby acknowledge that I am indebted to, and owe [the Bank] (Assignee) an amount totaling [amount] as of November 25, 2003 accruing interest at a rate of [amount] per day from this date forward until paid. I, [Abel or Ramiro], for a valuable consideration, by this Agreement grant and convey to [the Bank] a portion of [my interest, in the equivalent of the amount of the debt, recovered in the lawsuit] against the JOHN G. AND MARIE STELLA KENEDY MEMORIAL FOUNDATION, for money damages and an interest in real estate, as set forth in Case No. 03-4-59,528-B in the 135th Judicial District Court of Victoria County, Texas . . . . The above dollar amount represents all of Assignor's indebtedness to Assignee and all indebtedness to Assignee that is guaranteed by Assignor. Assignor agrees that in the event any payment under the claim is made to Assignor, Assignor does and hereby directs his attorneys to promptly transmit such payment to Assignee. . . . . Also, due to the complex nature of the litigation, Assignor's attorneys cannot calculate when the above-referenced cause, and/or any succeeding causes, will be resolved. Assignee agrees not to take[,] execute on[,] or take possession of any property owned by Assignor that Assignee may be legally entitled to until the above-referenced cause, and/or any succeeding causes, are finally resolved.

> ### TOLLING AGREEMENT

> Assignee and Assignor do hereby mutually agree and covenant as follows:

> 1. During the term of this Tolling Agreement, as set forth below, the running of time for determining any and all statutory limitation period(s) and for any and all equitable claims or defenses, including, but not limited to the

---

[3] The Assignments are identical except for the name of the assignor and the amount of the debt.

defenses of waiver, estoppel and laches, which may otherwise apply to the commencement by any party hereto, and their respective successors and assigns, of any legal action, at law or in equity, for any claim, whether for injury to person, property or economic injury, and whether for contribution and/or indemnity, regarding all of Assignor's defaulted loans with Assignee, and each party's respective rights and duties relating to the fullest extent permitted by law are hereby suspended and tolled as of the effective date of this Tolling Agreement.

2. Pursuant to this Tolling Agreement, any time which elapses between the effective date of this Tolling Agreement and its termination, pursuant to the terms hereof, shall not be included in any subsequent calculation by a party of the amount of time which has elapsed between the accrual to a party hereto of any right to institute any action(s) founded in law or equity against another party hereto regarding, relating to or arising out of all of Assignor's defaulted loans with Assignee, and the party's respective rights and duties regarding same, and the running of the equitable or statutory limitation period(s) for the filing of such action(s).

The documents are signed and dated February 5, 2004.

At trial, Kent Johnson, president of the Bank, testified that the Bank agreed to forestall any efforts to pursue any judgments against the Lucios until the Lucio case was resolved. Abel testified that the Bank's attorneys prepared the Assignment; he also identified his signature on the Assignment. Ramiro also testified as to his signature on the Assignment.[4]

By rendering judgment in favor of the Bank, the trial court implicitly found that the Bank established that the statute of limitations was tolled and accordingly, that the Bank's lawsuits were timely filed. The Bank argues that the word "termination" in the second paragraph of the tolling agreement—which specifies that "pursuant to the Tolling Agreement[,] any time which lapses between the effective date of this Tolling Agreement and its termination shall not be included in any subsequent calculation by a party"—refers to termination of the Lucio suit.

---

[4] The Bank's counsel did not ask any questions of Ramiro or Abel on cross-examination.

6

We conclude that the tolling agreement states that limitations will be tolled from the effective date of the agreement—February 5, 2004—until the tolling agreement is terminated. The question is whether the trial court could reasonably have construed the termination date of the tolling agreement as the date the Lucio case was resolved. The statement in the first paragraph of the Assignments that the Bank agreed to forego taking any legal action to collect on the debts until the Lucio case was "finally resolved" supports such a construction. We hold that, although it is not a model of clarity, the tolling agreement can be reasonably construed to have tolled limitations from February 5, 2004 until March 23, 2010, the date this Court issued its mandate in the Lucio case.

In *Starcrest Trust v. Berry*, the Austin Court of Appeals found that an agreement by the parties to toll limitations "until further order of the court" was valid and that limitations were tolled during the pendency of a temporary restraining order, a temporary injunction, and a trial. 926 S.W.2d 343, 351 (Tex. App.—Austin 1996, no writ). In the present case, as in *Starcrest*, the termination of the tolling agreement was tied to a specific event: the date the Lucio case was "finally resolved."

## IV. CONCLUSION

We conclude there is legally and factually sufficient evidence to support the trial court's implied conclusion that there was a valid agreement to toll the statute of limitations. *See Cadle Co.*, 227 S.W.3d at 834. We overrule Ramiro and Abel's sole issue and affirm the trial court's judgments in appellate cause numbers 13-12-383-CV and 13-12-384-CV.

DORI CONTRERAS GARZA,
Justice

Delivered and filed the
21st day of March, 2013.

7