# United States Court of Appeals
# for the Fifth Circuit

—————————

No. 24-40073

—————————

United States Court of Appeals
Fifth Circuit

**FILED**
March 13, 2025

Lyle W. Cayce
Clerk

James Chapoy,

*Plaintiff—Appellant*,

*versus*

Union Pacific Railroad, *Individually and as Successor-in-Interest to* Southern Pacific Transportation Company,

*Defendant—Appellee*.

————————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:20-CV-169

————————————————————————

Before Graves, Engelhardt, and Oldham, *Circuit Judges*.

Per Curiam:[*]

The question presented is whether a putative implied tolling agreement between James Chapoy and Union Pacific Railroad Company is enforceable under Texas law. Chapoy alleges that the parties' course of conduct extended the tolling period for his Federal Employers' Liability Act claim, which he brought five years after the tolling agreement's express

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-40073

expiration. The district court granted summary judgment to Union Pacific. We agree and AFFIRM.

I

A

James Chapoy worked for Union Pacific Railroad Company and its predecessor from 1972 to 2011. *Chapoy v. Union Pac. R.R.*, No. 22-40791, 2023 WL 6461252, at *1 (5th Cir. Oct. 4, 2023) (per curiam). During his employment, Chapoy was exposed to asbestos. *Id.* In 2012, Chapoy was diagnosed with asbestosis, a condition caused by asbestos exposure. *Id.* This diagnosis gave Chapoy a right to sue under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51. The FELA imposes a three-year statute of limitations from when the cause of action accrued. *See id.* § 56.

In 2014, Chapoy submitted a personal injury claim to Union Pacific alleging occupational exposure to asbestos. *Chapoy*, 2023 WL 6461252, at *3. Union Pacific and Chapoy's counsel were parties to a master tolling agreement established in 2001. *Id.* at *1. This tolling agreement provided in pertinent part:

> 1. The parties agree that for the purpose of statute of limitations accrual, as that term is defined and interpreted under the Federal Employer's Liability Act, 45 U.S.C. § 51, et seq., each claimant's accrual date shall be deemed to be "tolled" or legally suspended for one year from the effective "tolling date", as defined in paragraph[s] two and three.

> 2. All claims included and "tolled" under the Agreement shall have an effective "tolling date" on the date that the claim notification was mailed (properly post marked or labeled for private delivery) by counsel for claimants in Houston, Texas.

> 3. For purposes of this Agreement, the tolling period, in any specific case or group of cases, shall terminate on the one year

anniversary of the "tolling date", subject to extension by agreement of the parties.

. . .

5. Nothing herein shall be construed to prevent either party from terminating this Agreement in the future. If either party desires to withdraw from the Agreement, 30 days written notice shall be given. Nothing herein shall be construed to restrict or otherwise limit plaintiff's counsel's practice of law. The parties understand and agree that they, in all likelihood will disagree on the evaluation of certain claims and that formal litigation may be necessary to resolve these claims.

*Id.*

The parties never resolved Chapoy's claim, nor did they execute a written agreement extending the tolling period. *Chapoy v. Union Pac. R.R. Co.*, No. 20-CV-169, 2024 WL 442106, at *2 (S.D. Tex. Jan. 18, 2024). Union Pacific continued informal settlement discussions with Chapoy's counsel and other claimants until 2017, but no negotiations occurred directly with Chapoy. *Id.* By that time, Union Pacific ended its informal claims process, and Chapoy opted out of any global settlement discussions. *Id.*

B

In 2020, nearly five years after the tolling agreement would have expired absent an agreement to extend, Chapoy brought negligence claims under the FELA against Union Pacific. *Chapoy*, 2023 WL 6461252, at *1. Union Pacific moved for summary judgment, arguing that the claim was time-barred by the FELA's statute of limitations. *Id.* at *2. The district court

granted summary judgment for Union Pacific, finding that the tolling agreement had expired in 2015.[1] *See id.*

In Chapoy's previous appeal to this court, a panel held that the tolling agreement unambiguously expired one year after Chapoy filed his claim to Union Pacific in October 2014, so Chapoy's 2020 suit was time-barred unless "the parties agreed . . . to extend the tolling period." *Id.* at *4. The panel noted that this agreement, if it existed, "may be express or implied under Texas law." *Id.* n.1. Vacating the grant of summary judgment to Union Pacific, the panel remanded to the district court to address in the first instance whether the parties agreed to extend the tolling period. *Id.* at *4.

## C

On remand, the district court found no such enforceable agreement and again granted Union Pacific's motion for summary judgment. *Chapoy*, 2024 WL 442106, at *1.

Finding no evidence of an express agreement, the district court addressed whether the parties impliedly extended the Tolling Agreement via their course of dealing and performance. *Id.* at *2. It found that "the parties continued a clear course of performance as if the agreement remained in effect." *Id.* at *3. In the district court's view, three facts supported this finding: (1) "the parties settled hundreds of cases from 2001 to 2016, the majority of which were barred by limitations, with no mention whatsoever of the statute of limitations or tolling"; (2) "during the 2017 Global Settlement

---

[1] More precisely, a district court first held that the FELA's three-year statute of limitations is jurisdictional, so the tolling agreement was ineffective. *Chapoy*, 2023 WL 6461252, at *2. Then after reassignment, a different district court held on a Rule 59(e) motion to amend the judgment that, although the FELA's statute of limitations is not jurisdictional, the tolling agreement gave Chapoy only one more year from 2014, so his 2020 suit was five years late. *See id.*

discussions, Union Pacific lawyers listed his name as a 'live' claim, despite the fact that his claim would be clearly barred by limitations absent an extension of the Tolling Agreement"; and (3) "Union Pacific sent an email acknowledging his formal withdrawal from the Tolling Agreement in 2020, despite the fact that, by the terms of the agreement, it expired five years prior." *Id.* (quotations and citations omitted).

Nevertheless, the district court held that such an implied agreement to extend limitations would be "plainly unenforceable." *Id.* at *4. It reasoned that the "only plausible interpretation" of such an agreement was to extend the tolling period "indefinitely," which would be unenforceable under Texas law. *Id.* Concluding that Chapoy's claim was time-barred regardless of the existence of an implied agreement, the district court granted summary judgment for Union Pacific again. *Id.* And Chapoy appealed to this court again.

## II

### A

We review a grant of summary judgment *de novo*. *Gray v. Ala. Great S. R.R.*, 960 F.3d 212, 216 (5th Cir. 2020). Summary judgment is proper when the movant shows there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Under the FELA, awarding summary judgment to the defendant railroad is appropriate only when there is a complete absence of probative facts to support a jury verdict in the plaintiff's favor." *Gray*, 960 F.3d at 216 (cleaned up).

### B

The district court properly granted summary judgment for Union Pacific. Pretermitting the factual issue of whether Chapoy and Union Pacific reached an implied agreement through course of conduct to extend the limitations period for Chapoy's claim, we hold that any such agreement is

No. 24-40073

unenforceable under Texas law. Accordingly, Chapoy's claim is time-barred.[2]

1

The FELA imposes a three-year statute of limitations from the date the plaintiff knew or should have known about the injury and its cause. *See* 45 U.S.C. § 56; *White v. Union Pac. R.R. Co.*, 867 F.3d 997, 1001 (5th Cir. 2017). Although mandatory, the FELA's limitations period is not jurisdictional, so it can be extended by agreement of the parties. *Chapoy*, 2023 WL 6461252, at *1.

Tolling agreements may be express or implied. Chapoy's only express extension argument hinges on paragraph 5 of the tolling agreement, which requires "30 days written notice" by either party to terminate what would otherwise be "serial, one-year extensions" to the limitations period. Blue Br. at 21. Yet as the prior panel already held, the agreement required 30 days' written notice for terminating the tolling period *before* one year, but the one-year tolling period terminated automatically after one year. *Chapoy*, 2023 WL 6461252 at *4. We will not revisit that holding. *See Ball v. LeBlanc*, 881 F.3d 346, 351 (5th Cir. 2018) ("Under the law-of-the-case doctrine, an issue of fact or law decided on appeal may not be reexamined either by the district court

---

[2] For the first time on appeal, Chapoy also argues that Union Pacific is equitably estopped from making its affirmative limitations defense. We have said before: "The general rule of this court is that arguments not raised before the district court are waived and will not be considered on appeal." *Celanese Corp. v. Martin K. Eby Constr. Co.*, 620 F.3d 529, 531 (5th Cir. 2010). It is more accurate to say that arguments not raised before the district court are *forfeited*, since "forfeiture is the failure to make the timely assertion of a right" and "waiver is the intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993) (quotation omitted). Chapoy forfeited his equitable estoppel argument and we do not consider it here.

6

on remand or by the appellate court on a subsequent appeal." (quotation omitted)).

2

Thus, the only question is whether the parties validly agreed to extend the tolling period by implication. Texas law applies to this question. *See Chapoy*, 2023 WL 6461252 at *4. And under Texas law, even if the parties here agreed to a tolling extension by implication, the agreement was invalid.

The district court found that "the only plausible interpretation of that [implied] contract is that the Tolling Agreement was extended *indefinitely*." *Id.* at *4. On appeal, Chapoy points to no evidence that the "serial, one-year extensions" of the tolling period had any end date, other than the fact the agreement could be terminated by either party's notice. *Compare* Blue Br. at 21, *with* Red Br. at 22. Thus, the district court correctly concluded that any such implied contract would be indefinite.

Under well-settled Texas law, indefinite tolling periods are unenforceable. *See Godoy v. Wells Fargo Bank, N.A.*, 575 S.W.3d 531, 538 (Tex. 2019); *see also W.-S. Life Assurance Co. v. Kaleh*, 879 F.3d 653, 661 (5th Cir. 2018) (applying Texas law). Agreements may toll limitations periods only for a "defined and reasonable amount of time." *Godoy*, 575 S.W.3d at 538. A so-called "[b]lanket" waiver of statutes of limitations, *id.*, "is void as against public policy," *Duncan v. Lisenby*, 912 S.W.2d 857, 859 (Tex. App.—Houston [14th Dist.] 1995, no writ). That public policy recognizes that statutes of limitations not only "afford[] comfort and repose to the defendant," but they also "protect the courts and the public from the perils of adjudicating stale claims." *Godoy*, 575 S.W.3d at 538.

*Godoy v. Wells Fargo Bank*, 575 S.W.3d 531 (Tex. 2019), controls this case. In *Godoy*, the Supreme Court of Texas found two contractual waivers of limitations periods unenforceable. *Id.* at 539. The court reasoned that both

provisions "purport to completely waive all limitations periods," and neither provision was "specific" about a "particular limitations period" or had a "reasonable time period limiting the waiver." *Id.* The implication of these provisions was that Wells Fargo would be able to sue Godoy at "any time in the future, no matter how distant." *Id.*

The putative implied tolling agreement here has the same defect. Chapoy argues that the tolling agreement and the parties' subsequent conduct created rolling one-year terms, terminable by the written notice of either party. As discussed, a panel of this court already held that the agreement provided for *one* one-year term that expired automatically. Moreover, Chapoy fails to offer a specific end date for the tolling period, rendering his theory of the extension endless. On Chapoy's theory of the contract, if both he and Union Pacific chose not to ever give written notice of termination, the tolling could continue forever. That is the definition of indefinite. Thus, Chapoy's rolling-extension theory would allow him to sue Union Pacific at "any time in the future, no matter how distant." *Godoy*, 575 S.W.3d at 539. That arrangement is unenforceable as a matter of Texas law.[3]

---

[3] *Duncan v. Lisenby*, 912 S.W.2d 857 (Tex. App.—Houston [14th Dist.] 1995), is not to the contrary. In that case, the trial court granted summary judgment for the defendant because the plaintiff's suit came after Texas's two-year limitations period for trespasses to property. *Id.* at 858 (citing Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (West 1986)). The appellate court reversed because the plaintiff had introduced genuine disputes of material facts about an agreement to toll the statute of limitations while the parties pursued settlement. *Id.* at 859. Specifically, the parties disputed whether an oral tolling agreement existed and, if it did, what the agreement entailed. *Id.*

Here, by contrast, there is no dispute that a tolling agreement existed, its contents are in writing and in the record, and a previous panel of this court already interpreted it. The only question remaining is whether the parties *extended* that agreement by implication. And unlike in *Duncan*, there is no "reasonable inference" left to "indulge . . . in favor of" the plaintiff. 912 S.W.2d at 859. The district court already found in Chapoy's favor that Union Pacific's "pattern of conduct" raised a question of material fact about whether the parties had an implied agreement to extend the tolling period. *Chapoy*, 2024 WL 442106,

No. 24-40073

\*       \*       \*

Accordingly, Chapoy's claim is time-barred. The district court's grant of summary judgment to Union Pacific is AFFIRMED.

---

at \*3. We credit that factual finding, and Chapoy points to no evidence that this implied extension to the tolling agreement had any end date other than the 30-days' notice provision in the original written agreement. So the only question remaining is one of law: whether that implied agreement's *expiration date* is reasonable and specific enough for the extension to be enforceable under Texas law. The *Duncan* court had no occasion to answer that question because in that case, unlike here, there was a genuine dispute about the tolling agreement's content. But here, as in *Godoy*, the extension has no pre-determined end date because it could continue in perpetuity if the parties never acted. 575 S.W.3d at 537–38.